*In re* MIGUEL J. RÍOS LUGO.

*Número:* O-84-397 *Resuelto:* 17 de noviembre de 1987

*Américo Serra, Procurador General Interino, Rosa Negrón de Quiñones, Procuradora General Auxiliar,* abogados del querellante; *F. Ariel Avilés Rodríguez,* de *Tapia & Avilés,* abogado del querellado.

PER CURIAM: El Procurador General de Puerto Rico radicó una querella contra el abogado-notario Miguel J. Ríos Lugo en la cual, en lo pertinente, le imputó haber observado una conducta "altamente censurable que destruye la fe pública depositada en él por la Ley Notarial y [que] viola los Cánones de Ética Profesional".

Dicha aseveración se funda, conforme la querella radicada, en la supuesta comisión por el abogado querellado del siguiente cargo:

El abogado-notario, Miguel J. Ríos Lugo, actuando como notario público incurrió en conducta ilegal e impropia al autorizar la escritura número 36 de Cancelación de Pagaré Hipotecario al Portador, el día 14 de noviembre de 1977 por la suma de $7,000.00 y dar fe de que Don Luis Martínez Piñero le hizo entrega para su cancelación del original del pagaré al portador y que procedía a mutilarlo y cancelarlo, perforando su cuerpo y poniendo nota de cancelación firmada y sellada por el querellado, procediendo a devolver el pagaré así cancelado y mutilado al señor Luis Martínez Piñero, el compareciente en la escritura antes mencionada.

El licenciado Ríos Lugo tenía conocimiento personal de que el original del referido pagaré obraba en poder de la señora Christine Price Mars, a quien éste se lo había entregado en garantía colateral de un préstamo que le había concedido la señora Price al querellado por la suma $3,500.00.

En virtud de dicha actuación ilegal, el Registrador de la Propiedad canceló el gravamen hipotecario que garantizaba el pagaré dado en prenda a la Sra. Price Mars y el Sr. Luis Martínez Piñero y la Sra. Antonia de León Rivera otorgaron nuevas hipotecas que fueron inscritas para garantizar otros pagarés hipotecarios.

Contestada la querella por el licenciado Ríos Lugo, designamos un comisionado especial para que recibiera la

prueba que tuvieran a bien las partes presentar en apoyo de sus respectivas posiciones y con la encomienda de que nos rindiera un informe contentivo de sus determinaciones de hecho respecto a dicha prueba.(1) Las partes sometieron el caso a base de prueba documental; no se presentó prueba testifical alguna. El comisionado especial rindió su informe.

Resolvemos a base de los hechos incontrovertidos que surgen de la prueba documental estipulada por las partes y de las inferencias lógicas y razonables que de los mismos pueden hacerse.

## I

Con motivo de unas acusaciones criminales que fueron radicadas contra el ciudadano Luis Martínez Piñero, éste contrató los servicios profesionales del Lcdo. Miguel J. Ríos Lugo. Los honorarios pactados fueron la suma de $10,000, acordándose que el señor Martínez Piñero le pagaría al licenciado Ríos Lugo la suma de $3,000 como "pronto pago" y los restantes $7,000 serían satisfechos en plazos mensuales. Para garantizar el pago de la referida suma de $7,000, el señor Martínez Piñero y su esposa Antonia De León Rivera otorgaron una escritura de hipoteca en garantía de un pagaré hipotecario al portador —mediante la escritura pública Núm. 53 de 26 de septiembre de 1968 otorgada ante el notario Ángel Tapia Flores— sobre una casa de su propiedad sita en la Urb. Reparto Metropolitano, Río Piedras, Puerto Rico. El pagaré hipotecario al portador por la suma de $7,000 quedó en posesión del licenciado Ríos Lugo.

Un año más tarde, el 30 de septiembre de 1969, la Sra. Christine Price Mars le prestó la cantidad de $3,500 al licenciado Ríos Lugo. Éste, en garantía colateral del prés-

---

(1) Lcdo. Francisco Torres Aguiar.

tamo, alegadamente le entregó a la señora Price Mars el pagaré hipotecario al portador por la suma de $7,000 a que hemos hecho referencia anteriormente.

Estando interesados el señor Martínez Piñero y su esposa en refinanciar su propiedad sita en la Urb. Reparto Metropolitano, satisficieron la suma de dinero que le adeudaban al licenciado Ríos Lugo. Requirieron del referido abogado la cancelación de la hipoteca que garantizaba el pagaré hipotecario al portador antes mencionado.

Dicha cancelación de hipoteca se "llevó a efecto" mediante la escritura pública Núm. 36 de 14 de noviembre de 1977 *ante el notario querellado Ríos Lugo*. En la misma compareció como otorgante el señor Martínez Piñero. Se hizo constar en dicha escritura, en lo pertinente, que:

> —SEGUNDO: Que el *compareciente* manifiesta haber saldado en su totalidad el referido pagaré, *el cual tiene en su poder*, no adeudando sobre el mismo cantidad alguna por principal, intereses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> CANCELACIÓN
>
> —TERCERO: Que en este mismo acto *el compareciente me entrega para su cancelación el original del pagaré al portador antes referido,* el cual aparece transcrito en la referida escritura número cincuenta y tres, *que he comprobado que es el mismo* que allí aparece transcrito, y en tal virtud en este acto *en presencia del compareciente* y mediante la autorización que me ha conferido, *procedo a mutilarlo y cancelarlo,* perforando su cuerpo y poniendo nota de cancelación firmada y sellada por mí el Notario, *procediendo entonces a devolver el pagaré así cancelado y mutilado al compareciente....* (Énfasis suplido.)

Dicha escritura de cancelación de hipoteca fue presentada ante el Registro de la Propiedad, Sección Tercera de San Juan, procediendo el Registrador a cancelar el gravamen por $7,000 que pesaba sobre la propiedad, sita en la Urb. Reparto Metropolitano, de los esposos Martínez Piñero-De León Rivera. El mencionado matrimonio

procedió entonces a refinanciar su propiedad haciendo un préstamo hipotecario con la financiera H.F., Inc.

No habiendo satisfecho en su totalidad el licenciado Ríos Lugo la deuda que había contraído con la señora Price Mars, y habiendo incumplido las condiciones de dicho préstamo, la referida dama radicó, en el mes de junio de 1983, una demanda sobre "Nulidad de Actuaciones, Ejecución de Hipoteca, Cobro de Dinero y Otros Extremos" ante el Tribunal Superior de Puerto Rico, Sala de San Juan, contra Miguel J. Ríos Lugo, Luis Martínez Piñero, Antonia De León Rivera, H.F., Inc., Fulano y Mengano, Civil Núm. 83-03207.

En dicha demanda se alegó, en lo pertinente, que el licenciado Ríos Lugo le había cedido y entregado el ya tantas veces mencionado pagaré hipotecario al portador por la suma de $7,000 en garantía colateral de un préstamo que ella le había hecho a dicho abogado el 30 de septiembre de 1969; que el abogado Ríos Lugo no le había pagado totalmente dicho préstamo, y que la "hipoteca que garantiza el pagaré de $7,000.00 de principal que el codemandado Ríos Lugo entregó en garantía colateral a la demandante, *fue cancelada falsa y fraudulentamente*, mediante escritura pública Núm. 36, otorgada por los codemandados Luis Martínez Piñero y Antonia De León Rivera, el 14 de noviembre de 1977 ante el propio deudor, aquí codemandado, Miguel J. Ríos Lugo, en su carácter de notario, *todo ello a pesar de que el original del referido pagaré obra en poder de la demandante*". (Énfasis suplido.) Solicitó la demandante del tribunal de instancia en vista de lo antes alegado que condenara al licenciado Ríos Lugo a pagarle lo adeudado y que le ordenara al Registrador de la Propiedad, Sección Tercera de San Juan, a dejar sin efecto la cancelación del gravamen hipotecario que se había llevado a cabo en virtud de la escritura fraudulenta de cancelación de hipoteca que había otorgado el licenciado Ríos Lugo.

Con la única excepción de la compañía financiera H.F., Inc., los restantes codemandados, no obstante haber sido debidamente emplazados, no comparecieron. Se les anotó la rebeldía. Luego de celebrada la vista correspondiente, mediante sentencia de 21 de diciembre de 1983, el Tribunal Superior de Puerto Rico, Sala de San Juan, declaró con lugar la demanda radicada por la señora Price Mars, condenando a los codemandados al pago solidario de lo adeudado y ordenando al Registrador dejar sin efecto la cancelación de la hipoteca por los $7,000.(2)

El Sr. Luis Martínez Piñero, mediante declaración jurada que prestara el 19 de enero de 1984, se querelló de la conducta del licenciado Ríos Lugo ante la oficina del Procurador General de Puerto Rico. De dicha delcaración, en adición a lo ya expresado, surge como dato nuevo que: él nunca tuvo en su posesión, ni le fue entregado, ni vio el original del pagaré hipotecario al portador al éste ser alegadamente cancelado mediante la escritura de cancelación de hipoteca que otorgara ante el licenciado Ríos Lugo, y que al ser requerido por el abogado de la señora Price Mars el pago del pagaré hipotecario, inmediatamente se comunicó con el licenciado Ríos Lugo quien le dijo que no se preocupara, que él iba a pagar ese dinero.

Habiendo sido la sentencia dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, en el Caso Civil Núm. 83-03207 objeto de una moción de reconsideración por

---

(2) Surge de la "minuta" que recoge los procedimientos habidos ante el tribunal de instancia el 4 de noviembre de 1983 —día de la vista del caso— que en adición a presentar prueba testifical en apoyo de su caso, la parte demandante presentó prueba documental consistente en:

"Exh. I ..... 'Promissing Note' (documento en inglés fechado 30 de septiembre de 1969).

"Exh. II .... *Fotocopia de pagaré hipotecario* por valor de $7,000.00, acompañado de escritura de hipoteca número 53.

"Exh. III.... Certificación Registral." (Énfasis suplido.)

la codemandada H.F., Inc.,(³) y estando la misma señalada para vista, la parte demandante —Sra. Christine Price Mars— radicó el 21 de febrero de 1984 una moción de desistimiento en la cual, entre otros, afirmó haber sido "plenamente satisfecha extrajudicialmente en cuanto a su reclamación, por lo que no tiene interés alguno en la continuación del litigio".

El Tribunal Superior de Puerto Rico, Sala de San Juan, con fecha de 24 de febrero de 1984 dictó sentencia mediante la cual —en vista de la mencionada moción de desistimiento— ordenó el "archivo y sobreseimiento de la demanda, con perjuicio, por acción voluntaria de la parte actora, con anuencia de la parte demandada".

Posteriormente, el Sr. Luis Martínez Piñero compareció a la Oficina del Procurador General de Puerto Rico donde aseveró no tener interés alguno en que se continuase adelante con la queja que había presentado contra el Lcdo. Miguel J. Ríos Lugo.

Procede que se señale, por último, que como parte de la prueba documental que el abogado querellado sometiera ante el comisionado especial que designáramos, consta una *declaración jurada* del licenciado Ríos Lugo donde éste asevera, entre otras cosas, que durante el período de tiempo comprendido entre el 24 de septiembre de 1968— fecha en que se otorga la hipoteca en garantía del pagaré hipotecario al portador por $7,000— y la fecha de su declaración jurada —21 de enero de 1985— él nunca se desprendió del referido pagaré. Igualmente asevera bajo juramento que el préstamo

---

(³) En dicha moción de reconsideración, la codemandada H.F., Inc. —a pesar de reconocer que el tribunal de instancia había dictaminado correctamente "que la cancelación del gravamen fue un 'acto fraudulento' de dicho codemandado [licenciado Ríos Lugo] actuando a su vez como Notario", por cuanto había otorgado la escritura de cancelación de hipoteca "a pesar de que el original obraba en poder de la demandante" Christine Price Mars— sostuvo que no procedía dejar sin efecto la cancelación del gravamen por cuanto H.F., Inc., era un "tercero registral" cuyos derechos no podían ser afectados por los actos de otros.

que él le hizo a la Sra. Christine Price Mars "no tuvo ninguna relación con el pagaré antes mencionado".

## II

La contención principal del querellado Miguel J. Ríos Lugo a través de todo el presente procedimiento ha sido a los efectos de que siempre actuó conforme los Cánones de Ética Profesional, las disposiciones pertinentes de la Ley Notarial y la jurisprudencia aplicable; que no existe evidencia que demuestre lo contrario, y que la querella radicada es una "acéfala" que no puede subsistir ni tener efecto alguno sobre él por cuanto la queja presentada fue "retirada" por el Sr. Luis Martínez Piñero y, en adición, por razón de que la referida querella se basa en la demanda que radicara la señora Price Mars y la sentencia que en relación a ella originalmente dictara el Tribunal Superior de Puerto Rico, Sala de San Juan, en el Caso Civil Núm. 83-03207, los cuales, según el querellado, son "inexistentes en derecho" en vista de que la parte demandante desistió de la acción que había radicado y el tribunal dictó sentencia de archivo y sobreseimiento posteriormente.

## III

De entrada, procede que se destaque el hecho de que la investigación realizada por la Oficina del Procurador General de Puerto Rico en el presente caso fue una deficiente.[4] Nunca se entrevistó ni se le tomó declaración jurada, entre otros, a la Sra. Christine Price Mars. Tampoco se utilizó el testimonio de dicha testigo en la vista que se celebrara ante el comisionado especial Torres Aguiar. En su consecuencia, nunca se pudo constatar la veracidad de la alegación de la referida dama —plasmada en la demanda

---

[4] Dicha investigación fue realizada en 1984.

civil que radicara ante el Tribunal Superior de Puerto Rico, Sala de San Juan (Civil Núm. 83-03207)— a los efectos de que el Lcdo. Miguel J. Ríos Lugo le entregó como colateral el original del pagaré hipotecario por la suma de $7,000 otorgado por el Sr. Luis Martínez Piñero y su esposa al ella concederle un préstamo a dicho abogado. Ello, obviamente, hubiera puesto tanto al comisionado especial como a este Tribunal en condiciones óptimas para resolver sobre la veracidad de la aseveración bajo juramento del licenciado Ríos Lugo a los efectos de que él nunca se desprendió de ese pagaré hipotecario y que en efecto lo mutiló y canceló el día en que autorizó como notario la cancelación del mismo.

No obstante lo anteriormente expresado, deseamos dejar constancia de las serias dudas que tenemos sobre la veracidad de la referida declaración jurada. Como hemos visto, el licenciado Ríos Lugo adicionalmente aseveró en dicha declaración que el préstamo de dinero que recibiera de la señora Price Mars "no tuvo ninguna relación con el pagaré antes mencionado". Si ello es cierto, ¿cómo explicar las alegaciones de la demanda radicada por la señora Price Mars y el ofrecimiento y admisión en evidencia durante la vista de ese caso de, *cuando menos*, una fotocopia del referido pagaré? La actuación del licenciado Ríos Lugo en todo este asunto ciertamente deja mucho que desear. Los errores cometidos en la investigación y "procesamiento" de este asunto, sin embargo, nos impiden en justicia actuar como posiblemente hubiéramos podido hacerlo de haberse investigado el asunto correctamente.

Ahora bien, y no obstante lo antes expresado, el abogado Ríos Lugo efectivamente incurrió en conducta violativa de la Ley Notarial, entonces vigente, y de los Cánones de Ética Profesional. Su conducta amerita que sea separado permanentemente del ejercicio de la práctica de la notaría en Puerto Rico.

 Como hemos visto, el licenciado Ríos Lugo era el acreedor del señor Martínez Piñero. Con motivo de su acreencia fue que se otorgó por Martínez Piñero y su esposa la hipoteca en garantía del pagaré hipotecario en controversia. Como consecuencia de haberle satisfecho Martínez Piñero la mencionada deuda a Ríos Lugo es que se otorga la escritura de cancelación de la hipoteca, actuando éste como notario autorizante. Si bien es cierto que Ríos Lugo técnicamente no era "parte" y que dicha escritura de cancelación de hipoteca no contiene disposición a favor de él,(5) dicho abogado no debió haber autorizado la escritura de cancelación. La ética es ajena a los tecnicismos de ley. *In re Cancio Sifre*, 106 D.P.R. 386, 398 (1977). Procede recordar que el abogado "deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales *y debe evitar hasta la apariencia de conducta impropia*". (Énfasis suplido.) Canon 38 de Ética Profesional, 4 L.P.R.A. Ap. IX. Precisamente su imprudente actuación —al autorizar como notario dicha cancelación— es lo que ha dado lugar a la presente situación. Al así actuar violó el espíritu de los citados Arts. 8 y 20 de la Ley Notarial entonces vigentes.

 Por otro lado tenemos que en la referida escritura de cancelación que autorizara el licenciado Ríos Lugo se asevera algo que no es cierto, esto es, que el otorgante Martínez Piñero le hizo entrega al notario del pagaré hipotecario y que en presencia de éste el notario procedió "a mutilarlo y cancelarlo...procediendo entonces a devolver el pagaré así cancelado y mutilado al compareciente" Martínez Piñero. Lo anterior es negado por este último; recordemos

---

(5) Véanse Arts. 8 y 20 de la Ley Notarial entonces vigente, 4 L.P.R.A. secs. 1008 y 1020.

que Martínez Piñero declaró bajo juramento que nunca vio ni tuvo en su poder el pagaré. En adición tenemos que el propio Ríos Lugo, en la declaración jurada que prestara y que sometiera en evidencia en la vista ante el comisionado especial, se encarga de corroborar en este respecto al señor Martínez Piñero. Expresa en la referida declaración jurada que él siempre ha tenido en su poder el referido pagaré; esto es, que nunca se lo entregó al otorgante Martínez Piñero como se asevera en la escritura por él autorizada. Dicha conducta es violativa del Canon 35 de Ética Profesional.

Por todas las razones antes expresadas, *se dictará sentencia decretando la separación, en forma permanente, del ejercicio de la notaría en Puerto Rico del Lcdo. Miguel J. Ríos Lugo.*[6]

El Juez Presidente Señor Pons Núñez se inhibió y los Jueces Asociados Señores Negrón García y Ortiz no intervinieron.

---

[6] Los argumentos del querellado a los efectos de que la querella radicada debe ser desestimada por razón de que el señor Martínez Piñero ha expresado su deseo de retirar su queja y de que la querella se basa en documentos inexistentes son tan inmeritorios que realmente es innecesario su discusión en los méritos.