# 95 DTA 161

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

EDUARDO A. GARCIA PEREZ; EDNA T. PADILLA MONTALVO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, AMBOS POR SI Y HACIENDO NEGOCIOS COMO PERSEO INDUSTRIAL
Demandantes-Recurridos

v.

F. HAAS & CIA. SUCRS., S.A. HACIENDO NEGOCIO COMO IPA-INDUSTRIA PRODUCTOS ASFALTICOS Y OTROS
Demandados

PETROLEUM CHEMICAL CORPORATION
Peticionario

Núm. KLCE-95-00139

San Juan, Puerto Rico, a 30 de mayo de 1995

Panel Núm. 1 integrado por su presidente, Juez Negrón Soto y los Jueces González Roman y Urgell Cuebas.

Urgell Cuebas, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se solicita que revisemos una orden emitida el 23 de diciembre de 1994 por el Tribunal Superior, Sala de San Juan, mediante la cual se declaró con lugar una moción, presentada por las partes demandantes-recurridas, Eduardo García Pérez y Edna T. Padilla Montalvo y la Sociedad Legal de Gananciales compuesta por ambos, quienes hacen negocio como Perseo Industrial, sobre la descalificación de la representación legal de la peticionaria, Petroleum Chemical Corporation. De ahora en adelante nos referiremos a la parte recurrida como *"Perseo"* y a la peticionaria *"Petroleum"*.

Específicamente debemos examinar si el Tribunal Superior incurrió en error al resolver que a la luz de lo dispuesto en el Canon 21 del Código de Etica Profesional, 4 L.P.R.A. Apéndice IX, la Lcda. Emma Sara Portela, tiene conflictos de intereses con su cliente, Petroleum, por ser simultáneamente Secretaria de la Junta de Directores y su representante legal.

El 10 de abril de 1995 emitimos orden de mostrar causa a Perseo para que expusiera razón por la cual no debíamos expedir el auto de *certiorari* y revocar la orden del Tribunal Superior. El 26 de abril de 1995 Perseo presentó su escrito en oposición a la expedición del auto de *certiorari*.

Considerados los argumentos de las partes, procede que expidamos el auto de *certiorari* y revoquemos la orden sobre la cual se recurre ante este foro. Resolvemos que no existe conflicto de interés alguno en este caso en particular que impida a la Lcda. Portela continuar representando a su cliente, Petroleum. Veamos.

### I

El 31 de diciembre de 1993 Perseo presentó ante el Tribunal Superior, Sala de San Juan, una demanda contra Petroleum y otras partes, la cual fue enmendada el 3 de septiembre de 1994. En síntesis, alega en la misma que ésta era el representante exclusivo en Puerto Rico de la codemandada, F. Haas & Cía. Sucrs., S.A., y que su relación contractual estaba protegida por la Ley Núm. 75 del 24 de junio de 1964, según enmendada, 10 L.P.R.A. secs. 278, *et seq.* También alega que F. Haas & Cía. Sucrs., S.A. violó las obligaciones contractuales entre las partes al conspirar con los demás codemandados y Petroleum, para menoscabar sus derechos, lo que culminó en la terminación del contrato de representante exclusivo en Puerto Rico.

El 6 de septiembre de 1994 Perseo solicitó al Tribunal Superior que descalificara como abogada de Petroleum a la Lcda. Portela, en vista de un posible conflicto de intereses de ésta y su cliente, conforme estipula el Canon 21 del Código de Etica Profesional, *supra*. La Lcda. Portela se desempeña como Secretaria de la Junta de Directores de Petroleum, además de ser su representante legal.██

El 5 de diciembre de 1994 el Tribunal Superior declaró sin lugar dicha moción. Luego en reconsideración, el 23 de diciembre de 1994 el tribunal declaró con lugar la solicitud de

descalificación. No conforme, Petroleum recurre ante este foro.

## II

A los fines de la revisión de la orden del Tribunal Superior, señala Petroleum que no existe ningún conflicto de intereses entre la corporación y la Lcda. Portela, razón por la cual debe dejarse sin efecto la orden de descalificación. Entiende dicha parte que su defensa quedaría afectada y perjudicada si se viese privada de la representación legal de quien ha sido su asesora desde el año 1969.

Por el contrario, alega Perseo que procede la descalificación de la abogada de Petroleum porque siendo ésta miembro de la junta de directores y representante legal a la vez, les causa *"duda de su lealtad para con Petroleum vis a vis con sus intereses personales."* Expresa que este hecho da la apariencia de que la corporación se está representando a sí misma, es decir, por derecho propio.

El Canon 21 de Etica Profesional, *supra*, contempla diversas situaciones en las cuales un abogado pudiera tener conflicto de intereses, teniendo que renunciar a la representación legal de su cliente de darse alguna de ellas. Específicamente, en su cuarto párrafo dispone lo siguiente para cuando un abogado represente a una corporación:

*"Un abogado que representa a una corporación o sociedad le debe completa lealtad a la persona jurídica y no a sus socios, directores o empleados o accionistas y solamente **puede representar** los intereses de dichas personas cuando los mismos no vengan en conflicto con los de la corporación o sociedad."* (subrayado nuestro) *Id.*

La solicitud de Perseo sobre la descalificación en este caso es infundada y no debe sostenerse. El Canon 21, *supra*, no contiene una prohibición sobre la dualidad de funciones que pudiera llevar a cabo un abogado, como representante legal y como oficial o accionista de una corporación, a la vez. Los cánones ni siquiera contemplan la situación ante nos. Sin embargo, no cabe duda que de haber algún conflicto al ejercer ambos cargos o funciones, el abogado tendría que ser descalificado inmediatamente. Ahora bien, el lenguaje del referido canon es claro y permite la dualidad de funciones, mientras no surja un conflicto de intereses.

La Ley de Corporaciones, 14 L.P.R.A. sec. 1401, dispone que todos los asuntos de toda corporación serán dirigidos por la junta de directores a menos que en el certificado de incorporación se disponga otra cosa. La ley no asigna funciones específicas a cada miembro de la junta, sino que son delineadas en el certificado de incorporación. Es la junta quien establece la política administrativa y financiera, directrices y guías para el funcionamiento de la corporación.█ Por su lado, el abogado de una corporación asesora y educa a sus directores y miembros, además de gestionar y representar ante los tribunales y otros foros a la corporación en aquellos asuntos que ésta estime.

La jurisprudencia interpretativa del Canon 21, *supra*, del Tribunal Supremo de Puerto Rico no ha examinado el punto que hoy nos atañe, por lo que recurrimos a aquellas otras fuentes que nos puedan servir de guía e ilustración. El Profesor Charles Wolfram en su libro *Modern Legal Ethics,* comenta sobre el tema específico que estudiamos. Interpretando el canon equivalente al de nuestra jurisdicción█ expresa que en la jurisdicción norteamericana hay quienes están a favor de que se prohiba tal conducta. Sin embargo, la misma no está vedada por el Código de Responsabilidad Profesional y es una práctica común. Concluye éste, que lo determinante para que no exista el conflicto es que el abogado-director pueda ejercer un criterio profesional independiente. *Idem.,* West Publishing Co., página 739, 1986.

Una de las características básicas de una corporación es que tiene personalidad jurídica separada y distinta a la de sus directores, oficiales y accionistas. *Cruz v. Ramírez, 75* D.P.R.

947 (1954); *DACO v. Alturas de Florida Development Corp.*, **93 JTS 33**. Por ello, se ha resuelto que un Director u Oficial le deba lealtad a la corporación. Este deber de lealtad requiere que en su proceso decisional los administradores mantengan una actitud independiente que los lleven a decisiones fundadas en los méritos del asunto y no en consideraciones ajenas a los intereses de la corporación■

Es incorrecta la contención de Perseo de que el deber de lealtad de un director hacia la corporación se ve afectado por el hecho de representarla legalmente y de que da la apariencia de que la corporación se está representando a sí misma. Estas conclusiones atentan contra el principio de que la corporación tiene una personalidad jurídica aparte y separada a la de sus directores y oficiales. Es precisamente éste uno de los fundamentos utilizados en la jurisdicción de Estados Unidos para permitir la dualidad de los cargos aquí impugnados. Las alegaciones contenidas en la demanda, así como en las formuladas en sus escritos ante el Tribunal de Instancia, como ante nos, no aducen razón alguna que le impida a la abogada descalificada ejercer un criterio independiente sobre los asuntos que trata este caso particular. Además, los recurridos no nos han señalado hecho alguno que amerite concluir que se puedan ver afectados los intereses de Petroleum como cliente de uno de los miembros de su Junta de Directores.

Por otro lado, quien verdaderamente se vería afectado por el conflicto, de existir éste, lo sería Petroleum y sus accionistas. Obsérvese que en este caso, es Petroleum quien precisamente reclama que sea la Lcda. Portela su representante legal.

Los casos de *Sánchez v. López,* 116 D.P.R. 772 (1985), *In re: Ríos Lugo,* 119 D.P.R. 568 (1987) e *In re: Carreras Rovira y Suárez Zayas,* 115 D.P.R. 778 (1984), citados por los Perseo son distinguibles al de autos. Además, las expresiones transcritas sobre dichos casos están hechas fuera de contexto.

*Sánchez v. López, supra,* trataba de unos negocios jurídicos realizados en escritura pública,. preparados fraudulentamente para engañar a uno de los herederos. Las expresiones del Tribunal Supremo se basan en esos hechos. En *In re: Ríos Lugo, supra,* un abogado autorizó una escritura dando fe de un hecho que le constaba era falso. Las expresiones del Tribunal Supremo fueron hechas para explicar su decisión de separar al abogado permanentemente del ejercicio de la notaría. Ambos son casos relacionados con la otorgación de instrumentos públicos y la solemnidad del ejercicio de la notaría.

En *In re: Carreras Rovira y Suárez Zayas, supra,* el Tribunal Supremo atendió dos querellas contra dos abogados que representaban a la Unión Independiente de Trabajadores de Servicios Legales en una acción de cobro de dinero contra varios de sus miembros. Se cuestionó el que uno de ellos fuera abogado de la unión y asesor de sus miembros. El tribunal, interpretando el primer párrafo del Canon 21 de Etica Profesional, expresa que éste aplica en casos de conflicto de intereses por representación múltiple y sucesiva de clientes, cuando el abogado representa a la entidad y a sus miembros.

Resuelve el tribunal que en casos de representación de varios clientes múltiples la apariencia de impropiedad será utilizada para resolver cualesquiera dudas que surjan sobre posible conflicto de intereses, en favor de la descalificación, *supra,* 792. En este caso el tribunal hace varias expresiones medulares sobre el deber de un abogado que representa a organizaciones como lo son las corporaciones. En el mismo se señala: *"El problema de la responsabilidad profesional en esta área surge del hecho de que el abogado provee servicios a un principal y sus agentes. La cuestión central es determinar la manera en la cual el abogado debe actuar para satisfacer sus deberes de competencia, lealtad y comunicación con su cliente. [citas omitidas]. El punto de partida y clave radica en la identificación del cliente. [citas omitidas]." supra,* 794.

En el caso de autos no está en controversia que es Petroleum el cliente de la Lcda. Portela y no otra entidad o parte. Tampoco se trata de un caso donde estén envueltos los directores o los oficiales de la corporación en un mismo pleito en contra de la corporación. Por otro lado, no se ha cuestionado la relación de la Lcda. Portela con alguna de las otras partes envueltas en este pleito. Cabe señalar, además, que la Lcda. Portela nunca ha representado o ha tenido relación alguna con los que han solicitado su descalificación, en este caso Perseo. Surge, en adición, que quien recurre ante nosotros expresa que tiene plena confianza en su representante legal y que está satisfecho con la manera en que ésta ha ejercido sus deberes y responsabilidades.

Finalmente, no podemos aceptar tampoco que sea motivo válido para la descalificación de la Lcda. Portela la mera aseveración que hace Perseo en un escrito ante el Tribunal Superior, de que existe la posibilidad de que en un futuro pudiera ser llamada ésta como testigo en el litigio, planteándose un conflicto a la luz del Canon 22 del Código de Etica Profesional, 4 L.P.R.A. Apéndice IX. Esto resulta ser totalmente especulativo. Dicha determinación deberá hacerse en su momento, de ser necesario, a la luz de dicho canon. Además, tampoco se nos ha puesto en posición de asumir, mediante hechos concretos y específicos que la Lcda. Portela en efecto pueda ser testigo potencial, en el caso.

En virtud de lo anterior, se expide el auto de *certiorari* y se revoca la orden dictada por el Tribunal Superior, Sala de San Juan, el 23 de diciembre de 1994, donde se descalificó a la Lcda. Portela como representante legal de la peticionaria Petroleum. Se remite el caso al Tribunal de Primera Instancia, Sala Superior de San Juan, para ulteriores procedimientos conforme lo aquí expresado.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 161

**1.** También fungió como agente residente de la corporación por varios años, hasta el 1989.

**2.** Carlos E. Díaz, *La Responsabilidad de los Directores y Oficiales*, 52 Rev. Col. Ab. 173, (1991).

**3.** El Canon 21 de Etica Profesional de Puerto Rico es análogo al dispuesto en la Regla 1.13 del Código Modelo de Responsabilidad Profesional de la American Bar Association.

**4.** Carlos E. Díaz, *loc. cit.*