CP-97-6                                                                                    1

En el Tribunal Supremo de Puerto Rico

| In re: | Conducta Profesional |
|--------|-----------------------|
| .V | TSPR-98-4 |
| Lic. Antonio Filardi Guzmán | |

Número del Caso: CP-97-6

Abogados Parte Demandante: Hon. Carlos Lugo Fiol
Procurador General

Lic. Edna Evelyn Rodríguez Benítez
Procuradora General Auxiliar

Abogados Parte Demandada: Lic. Alberto Aresti Franceschini

Abogados Parte Interventora:

Tribunal de Instancia:

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente: Hon. Arnaldo López Rodríguez, Comisionado Especial

Fecha: 2/3/1998

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

  Lic. Antonio Filardi Guzmán       CP-97-6

PER CURIAM

San Juan, Puerto Rico, a 23 de enero de 1998.

I

Vista y atendida la querella presentada por el querellante Sr. Antonio Guzmán Pérez contra el abogado y notario Antonio Filardi Guzmán por incurrir en conducta constitutiva de violación a los Cánones 18, 35 y 38 de los de Etica Profesional, 4 L.P.R.A. Ap.IX y al Artículo 5(a) de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, 4 L.P.R.A. sec. 2005, decretamos su suspensión indefinida del ejercicio de la abogacía.

II

Los hechos que dan lugar a la presente acción disciplinaria se desprenden de la querella presentada por el Procurador General en 9 de julio de 1997, según fueran posteriormente aceptados por el querellado.

El 16 de agosto de 1989 el Lcdo. Antonio Filardi Guzmán, en representación de su señora madre, Carmen Guzmán Rodríguez, radicó ante el Tribunal Superior de Puerto Rico, Sala de Mayagüez, una petición ex-parte sobre declaratoria de herederos solicitando se le declarara única y universal heredera de la Sra. Sara Guzmán Rodríguez, hermana de la peticionaria y tía del abogado querellado.[1] En dicho procedimiento el licenciado Filardi Guzmán alegó que Doña Carmen era la única sucesora y causahabiente de Doña Sara y que fuera de ella, la causante no tenía otros herederos, pese a que conocía que en esa fecha existían otros parientes colaterales con derechos hereditarios respecto al caudal de Doña Sara, de los cuales el querellado conocía el nombre y domicilio.

Resulta pertinente establecer que en la solicitud para que se declarara a la señora madre del querellado como única y universal heredera de Doña *Sara Guzmán Rodríguez*, fue el propio querellado ante quien la peticionaria prestó el juramento requerido por el procedimiento para declaratoria de herederos. [2]

De otra parte, el 23 de febrero de 1990, y en un proceso distinto y separado del previamente reseñado, el licenciado Filardi Guzmán nuevamente y en representación de su señora madre radicó ante el Tribunal Superior de Puerto Rico, Sala de San Juan, una petición ex –parte

---

[1] Ex –parte: Sucesión Sara Guzmán Rodríguez, Carmen Guzmán Rodríguez, Peticionaria; Civil Núm. RF-89-126.

[2] Procedimiento para declaratoria de herederos, Artículo 552 del Código de Enjuiciamiento Civil de Puerto Rico, según enmendado por la Ley Núm. 203 de 23 de julio de 1974, 32 L.P.R.A. sec. 2301.

sobre declaratoria de herederos para que se declarara a ésta única y universal heredera de Doña Herminia Rodríguez González, madre de la peticionaria y abuela del querellado.[3]

En dicho procedimiento el licenciado Filardi Guzmán le reiteró al Tribunal que su señora madre era la única sucesora y causahabiente de *Doña Herminia* y que fuera de ella, la causante no tenía otros herederos, pese a que conocía que en esa fecha existían otras personas con derechos hereditarios respecto al caudal de *Doña Herminia*.[4]

Así las cosas, el 1ro de junio de 1994 se radicó ante el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan, el caso de Antonio Guzmán Pérez v. Carmen Guzmán Rodríguez, Civil Núm. 94-6002 sobre preterición de herederos y daños y perjuicios, basada dicha acción en los hechos que motivan la presente querella.

El 15 de diciembre de 1995 se celebró una vista sobre el estado procesal de dicho caso y durante la misma la representación profesional del demandante llevó a la atención del tribunal el hecho de que una de las

---

[3]Ex parte: Sucesión Herminia Rodríguez González, Carmen Guzmán Rodríguez, Peticionaria; Civil Núm. KJV-90-274.

[4]Con fecha de 11 de diciembre de 1995 el querellado Filardi Guzmán le sometió al Tribunal Superior, Salas de San Juan y Mayagüez, dos (2) peticiones enmendadas suministrando los nombres de los herederos que correspondía incluir en la petición original de Declaratoria de Herederos. Los herederos son los que a continuación se detallan: Antonio Guzmán Rodríguez, Jorge Guzmán Rodríguez, María Guzmán Rodríguez, Herminia Guzmán Rodríguez, Manuel Guzmán Rodríguez, Sara Guzmán Rodríguez, Agueda Guzmán Rodríguez y Celia Guzmán Rodríguez.

propiedades pertenecientes al caudal objeto del pleito, al inicio del mismo y conforme surgía del Registro de la Propiedad, no había sido enajenada; no obstante, dicha propiedad aparentaba ser objeto de un desarrollo, desconociéndose en ese momento quién era el propietario o beneficiario de dicha gestión. Al momento en que se estaba celebrando dicha vista y se hizo tal planteamiento el licenciado Filardi Guzmán conocía que las propiedades pertenecientes al caudal relicto de Doña Sara y de Doña Herminia, y las cuales él había adquirido de su señora madre,[5] una sin precio mercantil –por mera liberalidad– y la otra por dación en pago, habían sido vendidas por él.[6] Es decir, el querellado le ocultó esta información, a sabiendas, tanto al Tribunal como a la parte contraria.

Atendida la querella por el Hon. Arnaldo López Rodríguez, Comisionado Especial designado por este Tribunal, y con el beneficio de su informe estamos en posición de resolver.

## III

De los hechos previamente descritos surge que el querellado vulneró los cánones 18, _supra_, 35, _supra_, y 38, _supra_, de los de Etica                                                                              Profesional.

---

[5] Por haber sido ésta declarada única y universal heredera de Doña Herminia Rodríguez González entró en posesión de los antes mencionados bienes inmuebles.

[6] Estas propiedades constan de dos (2) bienes inmuebles. Uno de ellos –el adquirido por el querellado como dación en pago– está ubicado en la Calle Loíza Esq. Cordero en Santurce y fue vendida por éste a Junior Investment Corp. por la cantidad de $70,000, según consta de la escritura núm. 4 de 10 de junio de 1993 otorgada ante el notario Javier Lamoso García. El otro, el adquirido sin mediar precio mercantil, por mera liberalidad, ubicado en la Calle Méndez Vigo 113 en Mayagüez, le fue vendida por el querellado al Sr. Jorge Asad Cesani por la cantidad de $30,000 según se desprende de la escritura núm. 21 otorgada el 16 de noviembre de 1990 ante el notario Angel Rodríguez y Carrión.

Así también incurrió en conducta contraria a lo dispuesto en la Ley Notarial de Puerto Rico. Veamos.

"Los cánones de ética profesional establecen las normas básicas que deben regir la relación de un abogado con su cliente."[...]. "Su gestión profesional debe llevarse a cabo aplicando en cada caso sus conocimientos, experiencia y habilidad desempeñándose de una forma adecuada y responsable, capaz y efectiva." *In re Cardona Vázquez*, 108 DPR 6, 18 (1978); *In re Arana Arana*, 112 DPR 838, 843 (1982); *Colón Prieto v. Géigel*, 115 DPR 232, 239 (1984); *In re Díaz Alonso, Jr.*, 115 DPR 755, 764 (1984); *Acosta Grubb*, 119 DPR 595, 602 (1987). Un letrado jamás debe dejar de cumplir con la norma básica que establece que "en el ejercicio de la práctica de la profesión de abogado se requiere de éste en todo momento celo, cuidado y prudencia". *In re Rodríguez Torres*, 104 DPR 758, 765 (1976); *In re Siverio Orta*, 117 DPR 14, 18 (1986); *In re Acosta Grubb*, supra, pág. 602-603. (Enfasis nuestro).

A esos efectos, los cánones 18, 35 y 38 de los de Etica Profesional prescriben y enfatizan la necesidad de que las aportaciones de los abogados al quehacer jurídico estén enmarcadas dentro de lo que se espera de esta insigne profesión.

El canon 18, supra, por su parte, dispone:

> "La misión del abogado no le permite que en defensa de un cliente viole las leyes del país o cometa algún engaño. Por consiguiente, al sostener las causas del cliente, debe actuar dentro de los límites de la ley, teniendo en cuenta no sólo la letra de ésta, sino el espíritu y los propósitos que la informan. No debe tampoco ceder en el cumplimiento de su deber por temor a perder el favor judicial ni la estimación popular." (Enfasis nuestro).

El canon 35, supra, en lo pertinente postula:

> "La conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada. No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho[...]. El

abogado debe ajustarse a la sinceridad de los hechos al examinar los testigos, <u>al redactar afidávit u otros documentos, y al presentar causas.</u> (Enfasis nuestro).

El canon 38, <u>supra</u>, promueve:

"El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque al así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. En su conducta como funcionario del tribunal, deberá interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia[...]. Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable. En observancia de tal conducta, el abogado debe abstenerse en absoluto de aconsejar y asesorar a sus clientes en otra forma que no sea el fiel cumplimiento de la ley y el respeto al poder judicial y a los organismos administrativos."

Aún cuando la ley y la moral deben ser los faros que conduzcan a nuestros compañeros abogados por las sendas de la justicia y la honradez, lo cierto es que en este caso, el querellado con su conducta atentó contra los más fundamentales postulados de lo que debe ser la ética profesional; ignorando, en consecuencia, que todo miembro de esta ilustre profesión debe dar fiel cumplimiento a los cánones de Etica Profesional. No se puede ignorar la fuerza de nuestros cánones de ética y la facultad inherente de este Alto Foro para hacerlos cumplir.

El licenciado Filardi Guzmán en dos (2) ocasiones distintas -mediante procedimientos ex-parte de declaratorias de herederos- recurrió a los tribunales de nuestro país solicitando que su señora madre fuera declarada única y universal heredera de dos causantes distintas, cuando por ser miembro de la familia, él sabía de la existencia de otros co- herederos.

Este tribunal censura y reprueba la conducta del querellado. No puede un abogado poner en funcionamiento el sistema de la administración de la justicia cuando sabe que al así hacerlo y en aras de adelantar sus propios intereses falta a la verdad.

"Un abogado que aprovecha y utiliza", como el del caso de autos, "para su propio beneficio", "el conocimiento jurídico" al gestionar una declaratoria de herederos, "sabiendo que la información que le proveyó al tribunal es falsa, y por tanto, inexistente, incurre en una conducta que está reñida con el deber consagrado en los previamente descritos cánones 35 y 38 de mantener una conducta honrada y ajustarse a la realidad de los hechos al redactar o propiciar documentos; atenta y conflige con el honor y la dignidad que debe caracterizar a todo miembro de la clase togada e indica una conducta profesional altamente impropia".(Enfasis nuestro). *In re Laboy*, 113 DPR 476 (1982).

Asimismo, constituye una grave violación del Canon 35, supra, que un abogado no sea sincero ni honrado cuando se reúne con jueces y compañeros abogados como parte de un procedimiento judicial.

En el caso de autos, el querellado no sólo le faltó a la verdad cuando le proveyó información falsa al Tribunal, sino que como parte de un proceso judicial sobre preterición de herederos y daños y perjuicios –consecuencia directa de los actos fraudulentos y negligentes del licenciado Filardi– le ocultó información certera al Tribunal, a las partes y a la representación legal de los mismos.

"Una información falsa presentada por abogados al tribunal constituye conducta profesional reprobable [...]. La mentira degrada el carácter y envilece el espíritu y es antítesis de la conducta recta y honorable que el Código de Etica Profesional exige de todo abogado. Jugar al esconder con la justicia, que es jugar al esconder con la verdad, es práctica deleznable[...]". *In re Ramos y Ferrer*, 115 DPR 409, 412 (1984).

Procede reiterar que el abogado "deberá esforzarse al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque al así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta impropia". *In re Ríos Lugo*, 119 DPR 568, 577 (1987). El Canon 35 exige que el abogado debe ceñirse "a la sinceridad de los hechos al redactar affidavits o documentos". Así

también el Canon 38, <u>supra</u>, exige que el abogado se esfuerce, "al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión[...]". Y recalca que "[p]or razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su función, debe conducirse en forma <u>digna y honorable</u>". (Enfasis nuestro) *In re Roldán Figueroa*, 106 DPR 4, 13 (1977); *In re Ríos Lugo*, <u>supra.</u>

En el caso de autos el querellado decididamente le faltó a la ética y a la moral.

## IV

Cónsono con los hechos del caso ante nos, el licenciado Filardi Guzmán no sólo le produjo al Tribunal documentos con información falsa sino que fungió como notario dentro de los grados prohibidos por nuestra Ley Notarial.

El artículo 5 (a) y (b) de la Ley Notarial de Puerto Rico, <u>supra</u>, provee:

> "Ningún notario podrá autorizar instrumentos en los que él intervenga como parte o que contenga disposiciones a su favor. <u>Tampoco podrá autorizarlos si alguno de los otorgantes es pariente suyo dentro del cuarto (4to) grado de consanguinidad o segundo de afinidad, excepto cuando aquél comparezca en el instrumento en calidad representativa.</u>[7]

> <u>No producirán efecto las disposiciones a favor de parientes, dentro del cuarto grado de consanguinidad o segundo de afinidad del notario que autorizó el instrumento público en que se hicieron.</u>"(Enfasis nuestro).

Asimismo, el artículo 56 de dicha ley, 4 L.P.R.A. sec. 2091, dispone que: "no podrán los notarios autorizar testimonios en los casos comprendidos en[el artículo 5]."

---

[7]"Esta excepción está fundamentada en el hecho de que un representante no comparece por sí mismo sino por otro. Por lo tanto, no está en su calidad personal y se salva la pureza del procedimiento ante el notario". C. Urrutia y L. Negrón, *Curso de Derecho Notarial Puertorriqueño*, San Juan, Editorial Los Autores, 1997, Tomo I, pág. 202.

Debemos comenzar señalando que la Ley Notarial de Puerto Rico "está orientada a que el notario pueda desempeñar su profesión con probidad, con la competencia y destreza jurídica necesaria y con la diligencia, el cuidado y la observación del valor ético de la verdad, que imprime al contenido de los numerosos documentos que ante él se otorgan."[8]

A modo de analogía, y según se desprende del artículo 5 de la Ley Notarial, supra, es pertinente señalar que:

> "si las disposiciones son a favor del notario son nulas las escrituras que contienen esas disposiciones, pero si las disposiciones son a favor de los parientes del notario en los grados prohibidos por consanguinidad o afinidad, lo que son nulos son estas disposiciones del contrato y no el documento."[9]

Esto desde luego tiene que ver con la eficacia que el instrumento pueda tener dentro de nuestro ordenamiento jurídico. No obstante, este tipo de actuación por parte de un notario puede ser objeto de acción disciplinaria.

Al notarizar la petición de declaratoria de herederos de su señora madre, el querellado transgredió el ámbito de acción notarial concedido por el legislador. Con su acción el notario querellado destruyó la imparcialidad que robustece la práctica de la notaría en nuestra jurisdicción.

Considerando lo antes expuesto se dictará sentencia suspendiendo indefinidamente al abogado-notario Antonio Filardi Guzmán del ejercicio de la abogacía.

El Alguacil General del Tribunal se incautará inmediatamente de su obra notarial para el trámite de rigor correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará Sentencia de conformidad.

---

[8]P. Malavet Vega, *Manual de Derecho Notarial Puertorriqueño*, 2da ed. Santo Domingo, Editora Corripio, 1988, pág. 51.

⁹ C. Urrutia y L. Negrón, Op. cit., nota 7, pág. 203.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

   Lic. Antonio Filardi Guzmán       CP-97-6

SENTENCIA

San Juan, Puerto Rico, a 23 de enero de 1998.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se decreta la suspensión indefinida de la profesión de abogado de Antonio Filardi Guzmán.

El Alguacil General de este Tribunal deberá incautarse de la obra notarial del abogado suspendido, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para el trámite correspondiente.

Lo pronunció, manda el Tribunal y certifica la señora Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García concurre con el resultado sin opinión escrita.

                              Isabel Llompart Zeno
                        Secretaria del Tribunal Supremo