EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Jorge Gordon Menéndez | 2007 TSPR 108 <br><br> 171 DPR _____ |

Número del Caso: CP-2004-6


Fecha: 18 de mayo de 2007


Abogado de la Parte Querellada:

        Lcdo. Osvaldo Toledo Martínez


Oficina del Procurador General:

        Lcda. Miriam Soto Contreras
        Procuradora General Auxiliar


Materia: Conducta Profesional
      (La suspensión del abogado advino final y firme el 4 de junio de 2007)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jorge Gordon Menéndez                    CP-2004-06

PER CURIAM

San Juan, Puerto Rico, a 18 de mayo de 2007.

Nos corresponde determinar si procede sancionar a un abogado que, mientras estaba suspendido de la abogacía, actuó de manera tal que creó en la ciudadanía la impresión de haber estado ejerciendo la profesión. Por entender que nuestra normativa requiere que un abogado se esfuerce al máximo en la exaltación del honor y dignidad de la profesión, evitando hasta la apariencia de conducta impropia, entendemos que procede sancionar ese tipo de comportamiento. De lo contrario, socavaríamos la confianza de la ciudadanía en la disposición y capacidad de este Tribunal de fiscalizar rigurosamente la abogacía

y asegurar que los que tienen una licencia cumplan con el ordenamiento deontológico de nuestra profesión.

## I.

El licenciado Jorge Gordon Menéndez (en adelante, Gordon Menéndez) fue suspendido del ejercicio de la profesión por el término de sesenta (60) días. Transcurrido dicho término, solicitó su reinstalación y este Tribunal accedió a su petición. Varios días después, el Procurador General sometió una moción oponiéndose a la reinstalación de Gordon Menéndez por entender que durante la suspensión Gordon Menéndez, en dos ocasiones, acompañó a un sospechoso de asesinato a un cuartel de la Policía y se identificó con la credencial del Colegio de Abogados. Sostuvo que un abogado suspendido no puede comparecer ante ningún foro en representación de un cliente y debe abstenerse de todas las facetas de la práctica del derecho. En particular, sostuvo que un abogado suspendido no puede tener contacto con sus clientes, ni acompañarlos a citaciones en un cuartel de la Policía de Puerto Rico, como lo hizo en este caso Gordon Menéndez.

Concedido término al abogado para que contestara dicha moción, el Tribunal autorizó al Procurador General a formular la querella correspondiente. Oportunamente, el Procurador General formuló una querella por violación de los Cánones de Ética Profesional 9, 18, 21, 26, 33, 35 y 38, 4 L.P.R.A., Ap. IX. Gordon Menéndez contestó la querella, alegando que el sospechoso era un antiguo cliente

suyo y que lo acompañó como amigo y no como abogado. Admitió haber utilizado la tarjeta del Colegio de Abogados con el propósito de identificarse. Finalmente, sostuvo que la suspensión de un abogado no requiere su retiro total de los asuntos pendientes, cuando la misma es por un término corto y no se le ordena notificar a los clientes.

Celebrado el procedimiento correspondiente y luego de dilucidar la prueba presentada, el Comisionado Especial concluyó que no se probó mediante prueba clara, robusta y convincente que Gordon Menéndez efectivamente hubiera ejercido la profesión durante el tiempo que estuvo suspendido. Sin embargo, el Comisionado Especial determinó que hubo violación del Canon 38 por apariencia de conducta impropia.

Examinado el trasfondo fáctico, pasemos a analizar el derecho aplicable.

## II.

Este Tribunal tiene el poder inherente de reglamentar la profesión jurídica y tomar las medidas disciplinarias correspondientes, entre ellas, la suspensión del ejercicio de la abogacía. Un abogado debe cumplir de forma escrupulosa con las órdenes de este Tribunal, especialmente cuando se trata de su conducta profesional. *In re Colón Torres*, 129 D.P.R. 490 (1991).

Es impropio que durante el periodo en que está suspendido un abogado realice actos que constituyen ejercicio de la profesión o la apariencia de ello. Ambos

comportamientos conllevan sanciones disciplinarias para el abogado. La diferencia estriba en la razón por la que sancionamos en uno y otro caso. Por un lado, el ejercicio de la profesión durante el tiempo de suspensión constituye una práctica ilegal de la abogacía en violación del Canon 33 de Ética Profesional, *supra*, y debe ser sancionado severamente porque constituye un desafío insólito a nuestro poder inherente para reglamentar la profesión. "[No] existe justificación alguna para que un abogado suspendido ejerza la profesión. Si permitiéramos que un abogado suspendido del ejercicio de la profesión determine a su discreción qué tipo de gestiones profesionales puede realizar y de cuáles debe abstenerse, estaríamos consintiendo una anarquía impermisible en un sistema de orden, como debe ser el sistema judicial". *In re Cepeda Parrilla*, 108 D.P.R. 527 (1979). Por otro lado, configura apariencia de conducta impropia que un abogado suspendido comparezca en un foro investigativo con una persona que había sido su cliente y se identifica utilizando las credenciales del Colegio de Abogados. Esto es, precisamente, lo que pretende sancionar el Canon 38, que en lo pertinente establece:

> El abogado debe esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. 4 L.P.R.A., Ap. IX.

Al interpretar los contornos de este Canon, tenemos presente que cada abogado es un espejo en que se refleja la

imagen de la profesión y debe actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejerce. *In re Quiñónez Ayala*, res. el 30 de junio de 2005, 2005 T.S.P.R. 99. En ese contexto, los Cánones de Ética Profesional establecen las pautas mínimas que deben guiar a los miembros de la clase togada en el desempeño de su delicada labor. *In re Filardi Guzmán*, 144 D.P.R. 710 (1998). En vista de ello, todos los abogados deben actuar a un nivel superior, y no al margen, de lo establecido por los Cánones de Ética Profesional. *In re Nogueras Cartagena*, res. el 28 de marzo de 2000, 2000 T.S.P.R. 55.

Específicamente, en relación a la apariencia de conducta impropia dijimos que la misma puede resultar muy perniciosa al respeto de la ciudadanía por sus instituciones de justicia y por la confianza que los clientes depositan en sus abogados. *In re Vega Morales*, res. el 17 de marzo de 2006, 2006 T.S.P.R. 55. La apariencia de conducta impropia claramente tiene un efecto dañino sobre la imagen, confianza y respeto de la ciudadanía hacia la profesión, igual que lo tiene la verdadera "impropiedad ética". *In re Sepúlveda Girón*, res. el 24 de octubre de 2001, 2001 T.S.P.R. 153. Para evitar que se socave esa confianza, en *In re Sepúlveda Girón*, *Id.*, afirmamos que la apariencia de conducta impropia tiene que sostenerse sobre la <u>impresión</u> que se le da al público de la violación efectiva de alguno de los Cánones de Ética Profesional. En efecto, en varios casos hemos sancionado a

los abogados por violar el Canon 38 por apariencia de conducta impropia. *In re Silvagnoli Collazo*, 154 D.P.R. 533 (2001); *In re Noguera Cartagena*, res. el 28 de marzo de 2000, 2000 T.S.P.R. 55; *In re Ortiz Brunet*, 152 D.P.R. 542 (2000).

De lo anterior se deriva que la *ratio* que subyace la prohibición del Canon 38 es un componente esencial del sistema de responsabilidad profesional. En atención a ello, se justifica de manera independiente el que se sancione a un abogado por apariencia de conducta impropia. Resolver lo contrario y condicionar su aplicación a la violación de algún otro Canon, significaría convertir ese Canon en uno innecesario y redundante.

Es oportuno señalar que varias jurisdicciones de los Estados Unidos también han establecido que la prohibición de apariencia de conducta impropia es un elemento integral de la responsabilidad profesional que promueve la confianza en la profesión legal[1]. Igualmente, han reconocido la necesidad de que la apariencia de conducta impropia constituya una base independiente de evaluación de la responsabilidad profesional. *Lovell v. Winchester*, 941 S.W. 2d 466 (Ky. 1997).

Por otro lado, es norma conocida que le corresponde al Comisionado Especial recibir la prueba y dirimir la

---

[1] *Continental Resources, Inc. v. Schmalenberger*, 656 N.W.2d 730 (N.D. 2003); *Stowell v. Bennett*, 739 A.2d 1210 (Vt. 1999); *Roberts v. Schaefer Co. v. San-Con Inc.*, 898 F.Supp 356 (S.D. W. Va. 1995); *First American Carriers, Inc. v. Kroger Co.*, 787 S.W.2d 669 (Ark. 1990); *Gomez v. Superior Court*, 717 P.2d 902 (Ariz. 1986).

evidencia conflictiva. *In re Morales Soto*, 134 D.P.R. 1012 (1994). El Comisionado desempeña una función similar al juzgador de instancia y está en mejor posición para aquilatar la prueba testifical. En consecuencia, sus determinaciones fácticas merecen nuestra mayor deferencia. *In re Soto López*, 135 D.P.R. 642 (1994). Por lo tanto, aunque este Tribunal no está obligado a aceptar el informe de un Comisionado Especial nombrado para atender una querella contra un abogado, pudiendo adoptar, modificar o rechazar tal informe, de ordinario sostenemos las conclusiones de hecho de un Comisionado Especial salvo que se demuestre prejuicio, parcialidad o error manifiesto. *In re Morell Corrada, supra; In re Soto López, supra.*

### III.

Según hemos resuelto anteriormente, el Canon 38 tiene un rol central en el ordenamiento deontológico de nuestra profesión. Mediante el presente dictamen decretamos que dicho Canon opera *ex propio vigore* y, en consecuencia, modificamos cualquier pronunciamiento anterior de este Tribunal en contrario. En vista de ello, determinamos que cuando un abogado actúa en violación del Canon 38, amerita nuestra intervención disciplinaria.

Aclarado este punto medular, tenemos que establecer si la determinación del Comisionado Especial merece nuestra deferencia.

Según surge del record, Gordon Menéndez sabía que la persona que acompañó al cuartel era un sospechoso de delito

y que necesitaba un abogado. Fue por esa razón que lo refirió a un abogado, pero posteriormente accedió a acompañarlo él mismo al cuartel de Policía. También surge que el querellado había visitado ese cuartel en varias ocasiones antes de ser suspendido y en todas ellas acudió en calidad de abogado defensor. Por ello, en el cuartel se sabía que Gordon Menéndez era abogado. Además, del expediente se desprende que el querellado utilizó las credenciales del Colegio de Abogados para identificarse.

Basado en estos hechos, el Comisionado Especial determinó que la conducta de Gordon Menéndez creó en los agentes investigadores la impresión de que estaba ejerciendo ilegalmente la profesión. En vista de ello y conociendo el hecho de la suspensión, el Teniente rehusó celebrar la reunión en presencia de Gordon Menéndez y citó al sospechoso en fecha posterior para que fuera acompañado por un abogado.

Un examen del Informe del Comisionado Especial nos convence de que sus determinaciones están basadas en la prueba dilucidada. Por ende, coincidimos con el Comisionado Especial en que la conducta de Gordon Menéndez en su totalidad fue dudosa y, en este caso particular, efectivamente produjo en los agentes investigadores la impresión de que estuviera representando a un cliente en un momento en que estaba suspendido de la abogacía. A tales efectos, es significativo que Gordon Menéndez haya alegado en la contestación a la querella que cuando la suspensión

de un abogado es por un término corto y no se le advierte del deber de notificar a sus clientes, la suspensión no requiere su retiro total de los asuntos pendientes. Su posición, en efecto, es una admisión de conducta impropia y no puede ser aceptada por esta Curia.

Además, no podemos pasar por alto que la conducta de Gordon Menéndez estuvo en el umbral de la comisión del delito de práctica ilegal de la profesión de abogado. Por todo lo anteriormente expuesto, procede suspender al licenciado Gordon Menéndez del ejercicio de la abogacía por un término de (2) dos meses.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jorge Gordon Menéndez                 CP-2004-06

SENTENCIA

San Juan, Puerto Rico, a 18 de mayo de 2007.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se dicta sentencia decretando la suspensión de Jorge Gordon Menéndez del ejercicio de la abogacía por el término de dos (2) meses.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez y la Juez Asociada señora Rodríguez Rodríguez no intervinieron.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo