*In re* CARLOS RAMOS PANTOJAS y PEDRO FERRER COLÓN, querellados.

Número: O-82-428      Resuelto: 8 de mayo de 1984

*Miguel Pagán, Procurador General Interino,* y *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados de El Pueblo; *Evelyn Narváez Ochoa, Enrique González* y *Fernando Carlo,* abogados de los querellados.

## SENTENCIA

Los abogados Sres. Pedro Ferrer Colón y Carlos Ramos Pantojas intervinieron en distintas etapas ante el Tribunal Superior, Sala de Aibonito, en la defensa de Ramón Félix Izquierdo quien admitió culpabilidad en delito de tentativa de apropiación ilegal agravada. Referido el caso al oficial probatorio, su informe no resultó satisfactorio y a instancia de los defensores el Juez Sr. Luis A. Juan accedió a reevaluarlo, mas reiteró su orden de arresto y reclusión del convicto, pendiente de pronunciamiento de sentencia, que no había comparecido ni en la primera ni la segunda fecha fijada para dicho acto. Convencido de que el juez no dejaría sin efecto la orden de arresto, el licenciado Ramos Pantojas le informó al magistrado por la tarde que el acusado venía de camino con su abogado, el licenciado Ferrer.

Después de despedirse del Lic. Ramos Pantojas, el juez habla con su secretaria quien le pregunta por el acusado a lo que responde, "el acusado no hay problema, el Lic. Ramos Pantojas me ha dicho que el Lic. Ferrer viene de camino con él", a lo que ella replica "No, ¿cómo va a ser eso?, si me ha dicho que el acusado se encontraba en las inmediaciones del Tribunal con él". El juez extrañado contestó: "Bueno, él me ha dicho que viene de Comerío y para mí eso es lo que hay", dirigiéndose entonces la secretaria al área de estacionamiento del

Tribunal. En eso ella le muestra un auto gris como a 200 a 250 pies de distancia y le muestra en el auto al Lic. Ramos Pantojas en compañía de otra persona la que minutos más tarde resulta ser el acusado. El juez ordenó al alguacil detener al acusado al verle doblar por la carretera 14 que conduce a las afueras del pueblo, regresando más tarde dos alguaciles con el acusado, quien cuando es arrestado, se encontraba detenido echando gasolina en un garage. Estos anunciaron que los querellados venían detrás de ellos a hablar con el juez, cosa que no ocurre.

Traído el acusado ante el juez, se diligencian las órdenes de arresto y el acusado es llevado a la cárcel. (Escolio omitido.) Informe del Comisionado Especial, págs. 3 y 4.

Ambos letrados fueron acusados por obstrucción de la justicia, por su conducta antes relatada y el día de la vista, 29 de marzo de 1982, ambos admitieron su culpa con las siguientes expresiones:

Acusado: (Licenciado Ferrer Colón)
Con relación a la denuncia, hemos leído el contenido del pliego acusatorio, he . . . aceptamos verdaderamente lo que allí se expresa, mas sin embargo, quiero aprovechar la oportunidad para dirigirme a este Hon. Tribunal y pedirle las más excusas a las personas que se vieron afectadas en este caso, especialmente al Hon. Juez Luis A. Juan. Quiero excusarme junto con su señoría con todos los funcionarios de este Hon. Tribunal que han intervenido en este caso, entendemos que, ha sido dentro de mis años de experiencia en la profesión, una posición sumamente traumática y deseo reiterar que me he sentido sumamente convencido y de que el Hon. Luis A. Juan ha sido, ha bregado con el asunto sumamente en forma decorosa, por tal razón nosotros personalmente nos sentimos sumamente en la posición de pedirle disculpas tanto al Hon. Luis A. Juan como a todo el sistema de Justicia de Puerto Rico en la cual somos parte y creemos y confiamos en el mismo, por tal razón, nosotros aceptamos lo que se imputa en el pliego de la denuncia.

. . . . . . . .

Acusado: (Licenciado Ramos Pantojas)
Bueno, en el día de hoy tuve la oportunidad, anteriormente no había tenido oportunidad de leerla, analizarla, luego de

evaluarla por completo, pues entiendo que damos como cierto esos hechos que se imputan en el pliego acusatorio y quiero aprovechar la oportunidad para dirigirme no solamente a Vuestro Honor, sino al Hon. Juez Luis A. Juan, a todos los funcionarios de este Hon. Tribunal inclusive a todos los compañeros abogados que se encuentran en el día de hoy para pedir las mayores disculpas. En los cinco años que llevo en mi profesión, ha sido la experiencia más amarga que he pasado, un trauma, aceptamos los hechos que se imputan en la denuncia y solamente resta pedirle disculpas, ya que entiendo de que las palabras no me bastan para disculparme y espero que sea una experiencia que jamás en mi vida se vuelva a repetir.

Con allanamiento del fiscal, el tribunal ordenó el archivo y sobreseimiento de la denuncia en pro de la justicia. (Regla 247b de Proc. Criminal.)

El 6 de julio de 1982 el señor Procurador General formuló querella en la que imputa al abogado señor Ferrer Colón infracción de los Cánones 5, 8 y 18 de Ética Profesional, y al abogado señor Ramos Pantojas infracción de los Cánones 8 y 18,(1) consistentes en engañar al tribunal para impedir el arresto del acusado según ordenado.

Según los hechos que encontró probados el comisionado especial Sr. Salvador Acevedo Colón, la falta de los querellados queda reducida a informar al juez que su cliente "venía de camino" hacia el tribunal cuando en realidad ya

---

(1) En lo pertinente, disponen:

"*Canon 5*. Después que el abogado se ha hecho cargo de la defensa de un acusado está en el deber de presentar, por todos los medios rectos y honorables, cualquier defensa que las leyes vigentes permitan. . . .

"Será también altamente reprochable que un abogado defensor o fiscal produzca ante un tribunal prueba falsa, con pleno conocimiento de su falsedad.

"*Canon 8*. El abogado no debe permitir que sus clientes, en el trámite de los asuntos que crean la relación de abogado y cliente, incurran en conducta que sería impropia del abogado si él la llevase a cabo personalmente. Esta norma tendrá particular aplicación en lo referente a las relaciones con los tribunales, los funcionarios judiciales, los jurados, los testigos y las otras partes litigantes. Cuando un cliente persista en incurrir en tal conducta impropia, el abogado debe terminar con él sus relaciones profesionales.

"*Canon 18*.

"La misión del abogado no le permite que en defensa de un cliente viole las leyes del país o cometa algún engaño."

estaba en el área de estacionamiento. No se trata de presentación de *prueba falsa*, que sanciona el Canon 5, ni que los abogados estuviesen en posición de impedir la resistencia del acusado a entregarse para arresto y reclusión con la prontitud deseable, por lo que tampoco vemos violación del Canon 8.

Sí colaboraron en ocultar al juez la verdadera situación del acusado, si estaba por llegar o si estaba ya en los predios de la corte. Canon 18. La mentira degrada el carácter y envilece el espíritu y es antítesis de la conducta recta y honorable que el Código de Ética Profesional exige de todo abogado. La palabra de éste debe en todo momento ser tan buena y tan leal como la del propio magistrado, porque tanto el juez como el abogado son partícipes en una función excelsa que jamás debe ser lastimada por la falsedad. Parecen así haberlo entendido estos jóvenes abogados, en el quinto año de su práctica cuando tuvo lugar este incidente, que se mostraron contritos al aceptar las alegaciones de una denuncia criminal sabiamente sobreseída por el juzgador, a quien no escapó la desproporción del delito imputado, pues no se frustra la ejecución de una orden de arresto llevando al acusado, como lo hizo el licenciado Ferrer Colón, a la sede del Tribunal.

Pero los querellados no fueron todo lo sinceros y honestos con el juez que les impone su condición de abogados. Jugar al esconder con la justicia, que es jugar al esconder con la verdad, es práctica deleznable como así lo han confesado estos querellados, principiantes en la práctica de lo criminal, a la que debe darse mejor nombre con el ejemplo de sus ejercitantes.

Su juventud y su patente inexperiencia, su esfuerzo por descargar su conciencia aún más allá de la dimensión del agravio, muestran una fibra todavía sana capaz de reponerse, y detienen nuestra disciplina en censura de su conducta profesional, que constituirá precedente en su expediente profesional.

Así lo pronunció y manda el Tribunal y certifica la Secretaria General. El Juez Asociado Señor Negrón García disintió con opinión a la que se une el Juez Asociado Señor Torres Rigual. El Juez Asociado Señor Rebollo López concurrió en el resultado.

(*Fdo.*) Lady Alfonso de Cumpiano
*Secretaria General*

—O—

Opinión disidente del Juez Asociado Señor Negrón García a la cual se une el Juez Asociado Señor Torres Rigual.

Disentimos. La seriedad y gravedad de las actuaciones de los querellados Carlos Ramos Pantojas y Pedro Ferrer Colón ameritan una sanción disciplinaria de suspensión del ejercicio de la profesión que aunque limitada, guarde proporción con el comportamiento y conducta antiética observada.

A tal efecto, la propia ponencia reconoce que ellos "no fueron todo lo sinceros y honestos con el juez que les impone su condición de abogados. Jugar al esconder con la justicia, que es jugar al esconder con la verdad, es práctica deleznable como así lo han confesado estos querellados, principiantes en la práctica de lo criminal, a la que debe darse mejor nombre con el ejemplo de sus ejercitantes".

Ante estas circunstancias, nos es difícil coincidir que esa conducta fuera producto de la inexperiencia. Una práctica de cinco (5) años no la excusa. El compromiso con la verdad no puede estar fundado en ese criterio cuantitativo.

"Para mí, el concepto del jurista no se reduce a lo profesional; merecer ese nombre supone comprometerse en su vida y existencia; 'su oficio es la búsqueda de la verdad y su finalidad la realización de la Justicia.' Creo, todavía, que tiene el deber en conciencia de procurar discriminar lo justo de lo injusto, intentar en lo posible la redacción, interpretación y aplicación más justa de las reglas organizadoras de

414

la sociedad. No ignoro que dicha concepción del Derecho será para muchos dechado de lo utópico, extraña a las realidades de la sociedad de consumo, etc., etc. Para mí, sin embargo, sigue siendo la piedra fundamental, que arrancada o desconocida deja sin base o hace se derrumbe el edificio jurídico; que hasta el nombre de Derecho le resulte inapropiado entonces." F. De Castro y Bravo, *Sobre el Pluralismo del Profesor De Castro, comentario a un comentario*, 26 An. Der. Civ. 1025 (1973).