*In re* SANTIAGO GUZMÁN ESQUILÍN, querellado.

*Número:* CP-97-11          *Resuelto:* 23 de octubre de 1998

*Carlos Lugo Fiol, Procurador General*, e *Yvonne Casanova Pelosi, Procuradora General Auxiliar*, querellantes; *Santiago Gúzman Esquilín, pro se; Enrique Rivera Santana*, Comisionado Especial.

PER CURIAM: El Lcdo. Santiago Guzmán Esquilín fue admitido a la práctica de la abogacía el 20 de mayo de 1975 y de la notaría el 9 de junio de ese mismo año.

Por entender que el licenciado Guzmán Esquilín había incurrido en conducta reñida con los Cánones del Código de Ética Profesional, el 16 de enero de 1997 el Tribunal de Primera Instancia, Sala Superior de San Juan, ordenó la transcripción de evidencia de una vista celebrada en el caso *Ex Parte Flora Velázquez Pérez*, Civil Núm. KJV-85-4597, y su remisión al Tribunal Supremo. El 21 de febrero de 1997 le enviamos una copia del expediente al Procurador General para su estudio e informe. El 19 de agosto de 1997 el Procurador General presentó su informe. El 21 de agosto de ese año le concedimos un término al licenciado Guzmán Esquilín para que se expresara sobre el informe. El 9 de septiembre, éste presentó su réplica al informe, y el 24 de octubre de 1997 ordenamos la presentación de la querella.

El 5 de noviembre de 1997 el Procurador General presentó una querella mediante la cual le imputó al licenciado Guzmán Esquilín haber violado los Cánones 18 y 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Éstos, en lo pertinente, le imponen a un abogado la obligación de: evitar cometer engaño y defender las causas de sus clientes dentro de los límites de la ley; ser sincero y honrado ante los tribunales; únicamente utilizar en la defensa de los de-

rechos de sus clientes los medios que sean compatibles con la verdad, y no inducir al juzgador a error utilizando una falsa relación de hechos.

Contestada la querella, designamos al ex Juez Superior, Hon. Enrique Rivera Santana, como Comisionado Especial para atender ésta. El 6 de julio de 1998 el Comisionado Especial rindió su informe, en el cual hizo una detallada relación de los hechos que dieron base a la querella. A continuación haremos un breve resumen de éstos.

Don Vicente Avilés Rivera y doña Flora Velázquez Pérez se casaron el 2 de octubre de 1937. Durante su matrimonio procrearon dos (2) hijos, Manuel y José Abraham, ambos de apellido Avilés Velázquez. Éstos premurieron a don Vicente, quien falleció el 23 de julio de 1985. Manuel había procreado una hija, Clarimar Avilés Martínez, y José Abraham tres (3) hijos, José Abraham, Ivette y José Manuel. Todos estos nietos de don Vicente vivían a la fecha de su muerte.

Los padres del licenciado Guzmán Esquilín vivieron en el mismo vecindario que don Vicente y doña Flora, razón por la cual, desde su niñez, éste los conocía y también conocía a los dos (2) hijos de éstos, Manuel y José Abraham. Aún después de que se casó y mudó del barrio, en las visitas que hacía a sus padres, continuó teniendo contacto con la familia de don Vicente y doña Flora.

Al morir don Vicente, su viuda, doña Flora, solicitó los servicios profesionales del licenciado Guzmán Esquilín para que le tramitara la declaratoria de herederos. Éste preparó y, como abogado de la peticionaria, suscribió la petición de declaratoria de herederos que fue juramentada por doña Flora. El querellado actuó como notario en el juramento de esta petición. Tanto el juramento como la petición tienen fecha de 17 de septiembre de 1985. La petición se presentó ante el entonces Tribunal Superior, Sala de San Juan, Caso Civil Núm. KJV-85-4597, *Ex Parte Flora Velázquez Pérez*, sobre declaratoria de herederos.

En la petición se hizo constar que a la fecha de la muerte de don Vicente, éste estaba casado con doña Flora y que en dicho matrimonio "no procrearon hijos" (segundo párrafo de la Petición). Esta afirmación es falsa y así le constaba tanto al querellado licenciado Guzmán Esquilín como a la peticionaria doña Flora. En la petición no se nombraron ni incluyeron los nietos de don Vicente y doña Flora.

Cabe señalar que cuando murió Manuel, hijo de don Vicente y doña Flora y padre de Clarimar, la madre de esta última instó una demanda([1]) y fue representada por el querellado. Esto ocurrió antes de la muerte de don Vicente, abuelo de Clarimar. Otros dos (2) nietos de don Vicente, Ivette y José Abraham, también indicaron que conocían al querellado desde hacía alrededor de quince (15) años (Ivette) y doce (12) años (José Abraham). Tanto Clarimar como Ivette y José Abraham expresaron que, aunque lo conocían, no habían tenido mucha relación con él.

Al momento de la muerte de don Vicente, éste y doña Flora eran dueños de una casa de madera localizada en la barriada Jerusalén del barrio Sabana Llana de Río Piedras. Doña Flora interesaba mejorar la casa haciéndola de cemento, para lo que tenía que tramitar un préstamo ofreciendo la casa como garantía. En su declaración jurada, doña Flora afirmó que fue para facilitar el trámite de este préstamo que no hizo mención de los nietos en la petición para declaratoria de herederos e hizo constar que no procreó hijos con su finado esposo. Tampoco ella le informó al querellado sobre sus nietos. De otra parte, éste aceptó esta afirmación como buena sin que de la prueba surja que inquiriera sobre la posibilidad de que los hijos premuertos de don Vicente dejaran descendencia.

Doña Flora obtuvo el préstamo y mejoró la casa, haciéndola de cemento. Alrededor de once (11) años después de la muerte de don Vicente, la vendió a don Francisco Rivera

---

([1]) Del informe no consta la naturaleza de esta demanda.

Vigo y su esposa Marisol Encarnación Pimentel, mediante la Escritura Pública Núm. 9, otorgada en San Juan, Puerto Rico, el 22 de junio de 1996, ante el Notario Público Florentino Machargo Barreras. La venta se hizo aplazando parte del precio convenido. Luego de la venta doña Flora se trasladó a vivir a Estados Unidos. El nuevo dueño de la propiedad pasó a ocuparla.

Cuando los nietos de doña Flora y don Vicente se enteraron que la casa estaba siendo ocupada por otra persona fueron a investigar. Así fue que se enteraron que la propiedad había sido vendida. Los nietos consiguieron los servicios de un abogado, el que, luego de hacer la investigación de rigor, instó una demanda para anular la escritura, Caso Núm. KAC-96-1123, y una solicitud para pedir que se enmendara la resolución sobre la declaratoria de herederos de don Vicente, a los fines de que se incluyera a los nietos como herederos del finado, Caso Núm. KJV-85-4597, ambas en el Tribunal Superior, Sala de San Juan. En la vista señalada por el tribunal para atender este asunto, efectuada el 16 de enero de 1996, se dio constancia de un escrito remitido por doña Flora en el que ofreció excusas al tribunal, indicando las razones que tuvo para que la declaratoria se hiciera de la manera en que se hizo e informando no tener objeción a que se enmendara la resolución sobre la declaratoria de herederos. El Tribunal Superior, por voz del Hon. Arnaldo López Rodríguez, levantó una extensa minuta de la vista, ordenó transcribir los incidentes y dispuso que se notificara la transcripción a la Fiscalía de Distrito y al Tribunal Supremo.

El licenciado Guzmán Esquilín se enteró de la venta de la casa cuando una de las nietas de don Vicente, Clarimar, fue a su oficina a inquirirle al respecto. Él le indicó que no sabía nada sobre la venta, ya que no había intervenido en esas gestiones. No le entregó la copia de la resolución sobre la declaratoria de herederos. No obstante, trató de localizar —y en efecto la localizó— a doña Flora en Estados

Unidos. Ella entonces envió, a través de él, el escrito para pedir excusas al tribunal. También envió otro documento en el cual autorizó que el balance del precio aplazado de la venta de la casa se distribuyera entre sus nietos, Clarimar, Ivette, José Manuel y José Abraham. Así se llegó a un acuerdo que se formalizó mediante una estipulación que se presentó en el Caso Núm. KAC-96-1123, del Tribunal Superior, Sala de San Juan. Mediante esta estipulación, los demandantes en ese caso, los nietos de don Vicente, se dieron por satisfechos de su reclamación en la herencia de su abuelo, reconociendo haber recibido el pago de la suma de dieciocho mil dólares ($18,000). Otorgaron una escritura pública para ceder sus derechos en la propiedad objeto de la controversia a favor de la persona a quien doña Flora la había vendido.

El Procurador General y el querellado estipularon que el licenciado Guzmán Esquilín no recibió beneficio económico alguno por los hechos que se alegan en la querella. Los herederos de don Vicente indicaron que su participación en la herencia fue satisfecha y que están conformes con el pago recibido. Expresaron no tener interés alguno en la querella que se sigue contra el querellado licenciado Guzmán Esquilín.

Del Informe del Comisionado Especial surge con meridiana claridad que el licenciado Guzmán Esquilín mintió al suscribir una petición de declaratoria de herederos en la que hizo constar que don Vicente y doña Flora no habían procreado hijos dentro de su matrimonio, cuando le constaba que esto no era cierto. Además, aún presumiendo que no tenía conocimiento de la existencia de descendencia de los nietos de don Vicente, incumplió con su deber de asegurarse que en la petición se incluyeran todos los hechos pertinentes, en esta ocasión todos los herederos, para evitar así inducir al tribunal a error, como de hecho ocurrió.

La mentira, aunque no se incurra con propósitos de lucrarse económicamente, degrada el carácter y envilece

el espíritu; es una antítesis de la conducta recta y honorable que el Código de Ética Profesional exige de todo abogado. El compromiso de un abogado con la verdad debe ser siempre incondicional.[2] El hecho de que no se hizo con la intención de lucrarse no justifica una mentira u omisión que induzca a cualquier tribunal a error.

Un abogado debe defender los derechos de sus clientes "diligentemente desplegando en cada caso su más profundo saber y habilidad" y actuando siempre dentro del marco de la ley. Canon 18 del Código de Ética Profesional, *supra*. La Regla 9 de Procedimiento Civil, 32 L.P.R.A. Ap. III, especifica que la firma de un escrito por un abogado equivale a certificar que ha leído el escrito y que, de acuerdo con su mejor conocimiento, información y creencia, está bien fundado. La violación de esta regla podrá dar lugar a la imposición de sanciones en su contra. El licenciado Guzmán Esquilín violó esta disposición, y al así hacerlo, indujo al tribunal a error y obligó a unas personas, en este caso los nietos de don Vicente, a recurrir a los tribunales para evitar que sus derechos quedaran perjudicados.

Lo anteriormente expuesto demuestra que el licenciado Guzmán Esquilín violó, además, los postulados de los Cánones 18 y 35 del Código de Ética Profesional, *supra*, y la Regla 9 de Procedimiento Civil, *supra*.

Por todo lo antes expuesto y tomando en consideración como atenuante que el licenciado Guzmán Esquilín no se lucró de las actuaciones antiéticas en que incurrió, *se le suspende de la profesión de abogado por el término de un (1) año y hasta que otra cosa disponga este Tribunal. Se ordena al Alguacil del Tribunal Supremo que proceda a la incautación de la obra notarial del licenciado Guzmán Esquilín.*

---

[2] *In re Filardi Guzmán*, 144 D.P.R. 710 (1998); *In re Ramos y Ferrer*, 115 D.P.R. 409 (1984).

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Negrón García hacen constar que suspenderían al licenciado Guzmán Esquilín indefinidamente.