*In re* VIDALIA RIVERA GARCÍA, querellada.

*Número:* AB-98-93          *Resuelto*: 19 de marzo de 1999

*Vidalia Rivera García, Fiscal, pro se; Magalie Hosta Modestti, Juez,* en Moción; *Carlos Lugo Fiol, Procurador General, Edda Serrano Blasini, Subprocuradora General,* y *Cynthia Iglesias Quiñones, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM:

## I

El 19 de junio de 1998 la Juez Administradora Regional del Centro Judicial de Fajardo, Hon. Magalie Hosta Modestti, presentó una queja jurada contra la Hon. Vidalia

Rivera García, Fiscal de Distrito de Fajardo.([1]) Expuso que el 4 de mayo de 1998, alrededor de las 10:00 A.M., la Fiscal Rivera García compareció a su oficina disgustada por la suspensión de una vista preliminar en alzada fijada para ese día, que no se le había notificado. Expresó que la Fiscal Rivera García, de forma destemplada, fuera de control y en voz alta, infirió improperios contra los fiscales bajo su supervisión y atacó la parcialidad de los jueces de la región.

El 22 de mayo de 1998 la Fiscal Rivera García contestó la queja. En su contestación relata lo sucedido y, específicamente, indica que el día de los hechos le dijo a la Juez Hosta Modestti que ella debería evitar las repetidas demoras de las vistas preliminares en los casos donde los acusados eran representados por su esposo, el Lcdo. José M. Lugo Zalduondo.([2])

El 29 de diciembre de 1998 el Procurador General nos rindió su Informe, en el cual concluye que la conducta desplegada por la Fiscal Rivera García constituye una violación al Canon 9 de Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Por su parte, la Fiscal Rivera García, mediante carta fechada el 6 de octubre de 1998, solicitó excusas a la Hon. Hosta Modestti por el malestar que su "emotividad" causó.

Vistas las recomendaciones provistas en el Informe del Procurador General y examinadas las contestaciones y demás documentos, resolvemos sin ulterior trámite.

## II

El Canon 9 del Código de Ética Profesional, *supra*, impone al abogado el deber de "observar para con los tri-

---

([1]) La queja original presentada en 4 de mayo de 1998 no fue jurada. Subsiguientemente, se subsanó esta omisión. Ello explica la aparente, pero no real, incongruencia en algunas fechas.

([2]) La Certificación sometida por el Secretario del Centro Judicial de Fajardo, Sr. Pablo L. Rosa, que relaciona los resultados de los casos en donde ha participado el licenciado Zalduondo, desmiente cualquier alegado trato privilegiado.

bunales una conducta que se caracterice por el mayor respeto. *Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden de la administración de la justicia en los tribunales".* (Énfasis suplido.)

Este canon, junto a otros postulados deontológicos de similar naturaleza, guían la gestión profesional de los abogados y abogadas en nuestra jurisdicción. *In re Valcárcel Mulero I*, 142 D.P.R. 41 (1996). A su amparo, hemos reiterado que "[e]l deber del abogado de defender en forma diligente los intereses de su cliente, debe ejercerse de forma tal que no resulte en una violación a las disposiciones que reglamentan la conducta del abogado para con los tribunales y que imponen, a los primeros, el deber de observar una conducta del mayor respeto a los tribunales". *In re Miranda Marchand*, 135 D.P.R. 580, 588 (1994).

La conducta desplegada y admitida por la Fiscal Rivera García el 4 de mayo de 1998 está en contravención con el deber que impone a todo abogado y fiscal el mayor respeto para con los tribunales y jueces. Con su ataque a la imparcialidad de la Juez Administradora Hosta Modestti y demás jueces de la Región Judicial de Fajardo, sobre el control y adjudicación de los casos en que el licenciado Lugo Zalduondo era abogado, infringió el canon aludido.

Sin moderación en el lenguaje y temperamento, abogados, fiscales y jueces no podemos funcionar. En todo caso, hemos de evitar la grosería, gritería, el empleo de imputaciones infundadas y, sobre todo, las alegaciones contrarias a la verdad o desprovistas de una razonable presunción de exactitud. *In re Cardona Álvarez*, 116 D.P.R. 895 (1986).

## III

A la luz de lo expuesto, *concluimos que la Fiscal Rivera García infringió el Canon 9 del Código de Ética Profesio-*

*nal,* supra. *Como sanción, procede nuestra más enérgica censura. Queda apercibida de la necesidad de ejercer mayor automoderación y evitar transgresiones de este tipo, so pena de ser en el futuro sancionada con mayor severidad.*

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Rebollo López no interviene. El Juez Asociado Señor Fuster Berlingeri no intervino.