EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> María J. Busó Aboy | 2005 TSPR 162 <br><br> 166 DPR ____ |

Número del Caso: AD-2003-1

Fecha: 26 de octubre de 2005

Oficina de Administración de los Tribunales:

           Lcda. María Victoria López Menéndez

Abogados de la Parte Querellada:

           Lcdo. Luis Ramón Rodríguez Cintrón
           Lcdo. Fernando L. Torres Ramírez

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

María J. Busó Aboy

AD-2003-1

PER CURIAM

San Juan, Puerto Rico, a 26 de octubre de 2005

La licenciada María J. Busó Aboy fue admitida al ejercicio de la abogacía el 1 de marzo de 1990. El 21 de noviembre de 1990 juramentó como Juez Municipal del Tribunal de Primera Instancia. Posteriormente, el 12 de febrero de 1996, se le extendió un nuevo nombramiento por un segundo término de ocho años, como Juez Municipal. Desde entonces ejerció su cargo en varias de las regiones judiciales del País hasta que renunció al mismo el 2 de septiembre de 2003.

El caso de autos tiene su génesis en una querella presentada por la Oficina de Administración de los Tribunales contra Busó

Aboy, por hechos ocurridos mientras fungió como juez en el Tribunal de Primera Instancia, Sala Municipal de Cidra.[1] A la fecha de su renuncia estaba pendiente el procedimiento disciplinario que se llevaba en su contra por los hechos que dieron lugar a la controversia ante nos.

Luego de celebradas las vistas de rigor, el 2 de diciembre de 2004 la Comisión de Disciplina y Separación del Servicio por Razón de Salud de los Jueces del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones --en adelante la Comisión-- emitió su informe final sobre la querella radicada. Del referido informe surge el trasfondo fáctico que exponemos a continuación.

I

El 15 de mayo de 2001, le fue expedido al vehículo de motor propiedad de la Lcda. Busó Aboy un boleto de $15.00 --por concepto de falta administrativa de tránsito-- debido a que, alegadamente, <u>estaba estacionado en una línea amarilla en la Avenida Ponce de León en San Juan</u>.

Días más tarde, el 24 de mayo de 2001, mientras la querellada se encontraba en la Secretaría del Tribunal de Primera Instancia de Cidra, le comentó a la Secretaria Auxiliar, Magaly Colón Mendoza, y al Mantenedor de Área, Daniel Mercado Aponte, que le habían expedido el antes

---

[1] La licenciada Busó Aboy fue asignada a la Sala Municipal del Tribunal de Primera Instancia de Cidra mientras la ex Juez Nilda Cruz Aponte --juez asignada a dicho tribunal-- se encontraba de vacaciones.

mencionado boleto. De igual forma, les informó su intención de presentar, ante el referido Tribunal de Cidra, un Recurso de Revisión Administrativa de Tránsito.

En virtud de lo anterior, Mercado Aponte le facilitó un formulario para que pudiera radicar su recurso de revisión[2]. Busó Aboy solicitó de éste que cumplimentara el recurso de revisión para que no apareciera su letra en el documento y le entregó el boleto de falta administrativa. Mercado Aponte llenó los blancos relacionados con la descripción del vehículo, la tablilla, la sección de ley de la falta administrativa, el número del boleto, la fecha de la expedición del boleto y el lugar donde ocurrió la falta administrativa.

Los fundamentos para impugnar la falta administrativa y la dirección de la parte recurrente fueron suplidos directamente por Busó Aboy. Mercado Aponte, también, llenó el epígrafe del recurso de revisión escribiendo el nombre de la parte recurrente como María J. Busó Aboy y, por instrucciones de la Juez, él mismo firmó el recurso de revisión como "María Busó".

Habiendo cumplimentado el recurso, Mercado Aponte se lo entregó a Colón Mendoza, quien al observar el boleto se percató que no había sido expedido en Cidra sino en San Juan. En virtud de lo anterior, ésta le señaló a Busó Aboy

---

[2] El formulario O.A.T. – Recurso de Revisión Bajo la Ley 111 de 1964, Falta Administrativa de Tránsito, según enmendada por la Ley 124 del 2 de junio de 1976.

que posiblemente no podría radicar el recurso de revisión en el Tribunal de Primera Instancia de Cidra. No obstante, Busó Aboy le indicó que ella entendía que no habría problemas con su radicación y, por ello, le instó a radicarlo. Colón Mendoza procedió a así hacerlo y entonces le imprimió el sello de hora y fecha de radicación ("10:30 Mayo, 24, 2001") y a entrarlo en el Libro de Radicaciones con el número ECCI2001-00109.

Ese mismo día, Mercado Aponte buscó un formulario de "Resolución de Recurso de Revisión de Falta Administrativa de Tránsito". Estando las tres personas antes mencionadas presentes en Secretaría, Mercado Aponte escribió en el formulario de "Resolución" el nombre de "María Busó", como recurrente, y llenó la información referente a la tablilla, el número del boleto y el número de la licencia. Colón Mendoza anotó el número de recurso de revisión. La entonces Juez Busó Aboy entonces hizo unas cruces (X) al lado de unas líneas, señalando así las razones que daban lugar a la Resolución, declarando "Con Lugar" el recurso de revisión y ordenando eliminar el gravamen de la licencia.

Busó Aboy firmó esa Resolución el 24 de mayo de 2001, instruyendo a Mercado Aponte para que anotara la fecha de expedición de la resolución como el 3 de julio de 2001, que era la próxima fecha en el calendario de vistas del Tribunal Municipal de Cidra en que se atenderían los Recursos de revisión de Faltas Administrativas de

Tránsito. Posteriormente, Colón Mendoza certificó la notificación como hecha el 3 de julio de 2001. No obstante lo anterior, no se estampó el sello del Tribunal a la Resolución.[3] Así las cosas, Colón Mendoza --a solicitud de Busó Aboy-- procedió a entregarle a ésta copia de los documentos, a saber: del Boleto, del Recurso de Revisión y de la Resolución.

Posteriormente, al tratar de entrar el caso en el sistema computarizado de apoyo a los Tribunales, donde se

---

[3] El cuerpo de la Resolución indica lo siguiente:

Visto el Recurso de Revisión sometido por el peticionario de epígrafe en Caguas Puerto Rico, el Tribunal luego de la vista llevada a cabo en relación al mismo, dicta la siguiente RESOLUCIÓN basándose en las razones que más adelante se expresan:

 X  Comparece el Recurrente
___ No comparece el Recurrente, a pesar de haber sido notificado previamente del señalamiento y no presentó excusas al Tribunal.
___ Comparece el Policía denunciante.
 X   comparece el Policía denunciante, a pesar de haber sido notificado previamente del señalamiento y no presentó excusas al Tribunal.
 X  Sometido por las alegaciones.
 X  **CON LUGAR** el Recurso de Revisión y se **ORDENA:**
    X Eliminar el gravamen de la licencia
   ___Devolución de licencia
   ___Devolver la multa pagada
   ___**SIN LUGAR** el Recurso de Revisión

En Cidra, Puerto Rico a 3 de julio de 2001.

Fdo.   María J. Busó Aboy
JUEZ MUNICIPAL

recopila la información de los casos, Colón Mendoza no pudo accesar con el número de clave de Busó Aboy debido a que sólo podía tener acceso con el número de clave de la Juez Nilda Cruz Aponte, quien en esos momentos se encontraba de vacaciones. Por tal razón, Colón Mendoza se comunicó con Busó Aboy y le explicó lo sucedido. La entonces Juez Busó Aboy le informó que se comunicaría con la Juez Cruz Aponte. Poco tiempo después, Busó Aboy llamó a Colón Mendoza y le comunicó que había hablado con la Juez Cruz Aponte <u>y ésta le había indicado que no había problemas con entrar el caso al sistema con su número de clave</u>.

Siguiendo estas instrucciones, Colón Mendoza entró el Recurso de Revisión al sistema de apoyo computarizado el 15 de junio de 2001, utilizando la clave de acceso de la Juez Cruz Aponte. Al entrar el caso, el sistema lo incluyó en el calendario de vistas y emitió las citaciones a Busó Aboy y al Departamento de Transportación y Obras Públicas para vista el 3 de julio de 2001.

Así las cosas, Colón Mendoza --preocupada por la serie de irregularidades que habían ocurrido-- le informó a la Juez Cruz Aponte todo lo sucedido cuando ésta llegó de sus vacaciones. La mencionada magistrado, luego de examinar el expediente y percatarse de la existencia de la resolución suscrita por la querellada, le informó el asunto al Juez Administrador de la Región Judicial de Caguas. Éste --luego de reconocer la firma de Busó Aboy en

el documento de resolución-- decidió referir el asunto a la Oficina de la Directora Administrativa de los Tribunales, quien, a su vez, refirió el asunto a la Oficina de Asuntos Legales de la Administración de los Tribunales.

Al concluir la investigación correspondiente, el 13 de mayo de 2003 la Oficina de Administración de los Tribunales rindió un informe --en el cual se incluía la prueba documental y las declaraciones tomadas durante dicho procedimiento-- a la Comisión. En virtud de ello, la Comisión designó a la Lcda. Delia Lugo Bougal, para el procedimiento de determinación de causa probable. El 2 de julio de 2003 la licenciada Delia Lugo Bougal rindió su informe en donde determinó que, efectivamente, existía causa probable para iniciar el procedimiento disciplinario.

Así las cosas, el 2 de septiembre de 2003, se radicó una querella contra la Lcda. Busó Aboy donde se le imputaron cargos por infracciones a los Cánones I, II, V, XI, XII (a) y (b), XXIII, XXVI de Ética Judicial, 4 L.P.R.A. Ap. IV-A. Además, se le imputó haber actuado en contravención de la Ley de la Judicatura de 1994 y de la Regla 63.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 63.1.

Ese mismo día, la licenciada Busó Aboy presentó su renuncia al cargo de Juez Municipal del Tribunal de Primera Instancia, efectiva el 15 de septiembre de 2003,

para acogerse a los beneficios del retiro. La misma fue aceptada por la entonces Gobernadora de Puerto Rico, Hon. Sila María Calderón.

No obstante la renuncia de ésta, el 15 de septiembre de 2003 este Tribunal —conforme a las disposiciones de la Regla 37 de las Reglas de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces y Juezas del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones, 4 L.P.R.A., Ap. XV-A, R.37— instruyó a la Comisión a que continuara con los procedimientos disciplinarios iniciados contra la licenciada Busó Aboy, de entender y resolver que la conducta imputada, de ser probada, constituía una violación a los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX.

Mediante resolución a esos efectos, la Comisión le concedió un término a la Oficina de Administración de los Tribunales para que se expresara con respecto a si los hechos imputados a la licenciada Busó Aboy constituían una posible violación a los Cánones de Ética Profesional, ante. De igual forma, ordenó que, de ser necesario, radicara la correspondiente querella enmendada o, si no se constituía una violación, indicara si debía desestimarse la querella.

En cumplimiento con la referida orden, y luego de concluir que la conducta de Busó Aboy infringía varios de los Cánones de Ética Profesional, el 14 de octubre de 2003

la Oficina de Administración de los Tribunales, radicó una querella enmendada donde se le imputaron a la licenciada Busó Aboy --además de los cargos incluidos en la querella original por violaciones a los Cánones de Ética Judicial-- cuatro (4) cargos por infracciones a los Cánones a la Sección I, el del preámbulo y los Cánones IX, XXXV y XXXVIII de Ética profesional.[4] La Comisión determinó causa y autorizó la radicación de la querella enmendada.

---

[4] En el primer cargo se le imputó a la querellada haber violado el Canon XII, incisos (a) y (b), y XXIII de Ética Judicial, ante, al valerse de su investidura judicial para sacar provecho en una controversia en la que era parte interesada, para revisar su propio recurso, para utilizar su autoridad sobre los empleados del tribunal y para inducirlos a un comportamiento irregular y en violación de la ley. En el segundo cargo se le imputó haber violado los Cánones I, II, V y XI de Ética Judicial, ante, al faltar al deber de mantener una imagen impecable ante la sociedad y mantener la confianza de ésta en la judicatura. En el tercer cargo se le imputó haber incurrido en una violación no sólo del Canon XXVI de Ética Judicial, ante, sino, además, a la Ley de la Judicatura de Puerto Rico de 1994 y a la Regla 63.1 de las de Procedimiento Civil, ante, por no auto inhibirse en atender un caso en el cual tenía un interés personal en su resultado. En el cuarto cargo se le imputó haber violado la sección I y el preámbulo de los Cánones de Ética Profesional, ante, por haber incurrido en conducta antiética, impropia y contraria al espíritu de los Cánones de Ética Profesional cuyo fin es servir como una guía mínima para que los miembros de la profesión jurídica se desempeñen con la mayor competencia, responsabilidad e integridad. En el quinto cargo se le imputó haber violado el Canon IX de Ética Profesional, ante, debido a que siendo funcionaria del tribunal abusó de sus prerrogativas, conducta que debe ser desalentada y denunciada por todo abogado. De igual forma, se le imputó haberse valido de su cargo para instruir a funcionarios del tribunal a apartarse de sus deberes y a que actuaran de manera irregular, en violación a las normas y reglamentos de la Rama Judicial, con el propósito de obtener un beneficio personal. En el sexto cargo se le imputó haber infringido el Canon XXXV de Ética Profesional, ante, al faltar a su deber de sinceridad y

**(Continúa . . .)**

Oportunamente, la licenciada Busó Aboy presentó su contestación a la querella enmendada en la que expresó su versión de lo acontecido. En su comparecencia negó haber violado los Cánones de Ética Profesional y señaló que no discutiría las supuestas violaciones a los Cánones de Ética Judicial imputados ya que entendía que, debido a que se había acogido al retiro, los mismos se habían tornado académicos. Alegó en síntesis que las imputaciones a las violaciones a los Cánones de Ética Profesional eran infundados toda vez que ella nunca autorizó a Mercado Aponte a firmar por ella su recurso de revisión. Indicó, además, que si bien era cierto que había firmado la resolución donde se resolvía el referido recurso, esto había sido por error involuntario y creyendo que era el recurso de revisión que ella estaba radicando para revisar el boleto que se le había expedido. Arguyó que lo anterior quedó demostrado por el hecho de que aunque existía la referida resolución se continuó con los procedimientos para poder conseguir al agente que expidió el boleto y se señaló el caso para vista para ser resuelto por la Juez Cruz Aponte.

---

honradez hacia los tribunales, ya que revisó su propio boleto de tránsito. En el séptimo cargo, y último cargo se le imputó haber incurrido en conducta contraria y en violación del Canon XXXVIII de Ética Profesional, ante, que va en detrimento del honor y la dignidad de la profesión legal.

Luego de varios trámites e incidentes procesales, y de llevarse a cabo la vista evidenciara correspondiente, el 2 de septiembre de 2004 la Comisión emitió su informe. En el mismo concluyó que la conducta imputada a la licenciada Busó Aboy constituía una violación a los Cánones I, II, V, XI, XII (a)y(b), XXIII, XXVI de Ética Judicial. De igual forma, determinó que constituía una violación al Canon 38 de los de Ética Profesional, ante. En virtud de lo anterior, recomendó que se separara a Busó Aboy de la práctica de la abogacía.

Posteriormente y luego de que la querellada solicitara la reconsideración del informe, el 2 de diciembre de 2004 la Comisión emitió su informe final del caso, en el cual cambió su recomendación a que sólo se separara a Busó Aboy por un (1) año de la práctica de la abogacía. La licenciada Busó Aboy no impugnó el informe final de la Comisión. Resolvemos.

II

De entrada vale la pena señalar que no albergamos duda alguna de que los hechos determinados por la Comisión reflejan que la conducta de la querellada, mientras se desempeñó como Jueza Municipal, constituyó una violación a los Cánones I, II, V, XI, XII (a) y (b), XXIII y XXVI de Ética Judicial, ante. Sin embargo, el 2 de septiembre de 2003 la Lcda. Busó Aboy presentó la renuncia a su cargo. A la luz de lo anterior, nos limitaremos a pasar juicio

sobre las actuaciones de la Lcda. Busó Aboy a la luz de las disposiciones de los Cánones de Ética Profesional, ante.

Ello en virtud de que, según la Regla 37 de las Reglas de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces y Juezas del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones, ante, "el hecho de que un miembro de la Judicatura cese en sus funciones, ya sea por renuncia o por haber vencido el término de su designación, no impide que continúe un procedimiento disciplinario en su contra siempre que la conducta imputada pueda dar lugar a su desaforo o suspensión del ejercicio de la abogacía". *In re* Suárez Marchán, res. el 30 de junio de 2003, 2003 T.S.P.R. 115; véase, además, *In re* Hon. Scherrer, res. el 21 de septiembre de 2004, 2004 T.S.P.R. 151; *In re* Suárez Marchán, ante; *In re* Campoamor Redín, 150 D.P.R. 138, 147-148 (2000); *In re* Lugo Rodríguez, 149 D.P.R. 551, 555 (1999).

III

Como es sabido, "[e]l día en que un abogado presta juramento ante el Tribunal Supremo le es concedido un gran privilegio: el de poder ejercer una profesión, honrosa por demás, que tiene una rica y extraordinaria tradición y que desempeña un importante papel en nuestra sociedad". *In re* Quintero Alfaro, res. el 9 de febrero de 2004, 2004

T.S.P.R. 20. Al juramentar una persona como abogado, éste se convierte en funcionario del Tribunal y ministro ordenado de la justicia y se compromete a desempeñar su alto ministerio con la mayor y más excelsa competencia, compromiso e integridad. *In re* Quintero Alfaro, ante; Ramos Acevedo v. Tribunal Superior, 133 D.P.R. 599, 613-14 (1993).

No obstante, y como hemos señalado, este privilegio no está exento de responsabilidades; entre ellas, está la de desempeñar con lealtad los deberes que como abogados del Estado Libre Asociado de Puerto Rico les imponen la ley y el Código de Ética Profesional. *Ibid*.

Específicamente, el Preámbulo del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, consigna el ideal del buen abogado y "la importancia de la fe en la justicia como factor determinante de convivencia social". *In re* Soto Colón, res. el 9 de noviembre de 2001, 2001 T.S.P.R. 166; *In re* Sepúlveda Valentín, res. el 27 de septiembre de 2001, 2001 T.S.P.R. 137. A tales efectos, y en lo aquí pertinente, el referido precepto establece que será deber de todo abogado "instituir y mantener un orden jurídico íntegro y eficaz, que goce de la completa confianza y apoyo de la ciudadanía." Es decir, "[r]ecae en la profesión jurídica la misión de preservar la fe del Pueblo en la justicia, uno de los pilares básicos para la consecución de la convivencia social dentro de una democracia. *In re* Sepúlveda Valentín, ante.

Por otra parte, el Canon 9 de Ética Profesional, 4 L.P.R.A. Ap. IX, C.9, le impone a los miembros de la clase togada la obligación de observar para con los tribunales una conducta que se caracterice por el mayor respeto[5]. *In re González Carrasquillo*, res. el 24 de mayo de 2005, 2005 T.S.P.R. 78; *In re Soto Colón*, ante; *In re García Rivera*, 147 D.P.R. 746, 748-749 (1999); *In re Rodríguez Ortiz*, 135 D.P.R. 683, 686 (1994). Como hemos señalado, este precepto requiere "que los abogados, cuando hayan de dirigirse al tribunal--aún para criticarle--lo hagan con respeto y deferencia." *In re Crespo Enríquez*, 147 D.P.R. 656, 662-663 (1999).

Por su parte, el Canon 35 de los de Ética Profesional, 4 L.P.R.A. Ap. IX C.35, impone a los abogados "un deber de sinceridad y honradez ante los tribunales, frente a sus representados y al relacionarse con sus compañeros de profesión". *In re Martínez, Lawrence Odell*, 148 D.P.R. 49, 53 (1999); véase, además, *In re Soto Colón*, ante.

---

[5] El Canon 9 establece, en lo aquí pertinente, que:

> El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto . . .

> El deber de respeto propio para con los tribunales incluye también la obligación de tomar las medidas que procedan en ley contra funcionarios judiciales que abusan de sus prerrogativas o desempeñan impropiamente sus funciones y que no observen una actitud cortés y respetuosa.

A tales efectos, el referido Canon establece, en lo aquí pertinente, que no es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho. *In re Silvaglioni Collazo*, res. el 29 de junio de 2001, 2001 T.S.P.R. 106; véase, además, *In re Aguila López*, 152 D.P.R. 49, 52-53 (2000).

Con respecto a las obligaciones consagradas en este Canon, hemos expresado, en innumerables ocasiones, que las mismas constituyen "normas mínimas de conducta que sólo pretenden preservar el honor y la dignidad de la profesión". *In re Ortiz Martínez*, res. el 6 de abril de 2004, 2004 T.S.P.R. 66; *In re Collazo Sánchez*, res. el 30 de junio de 2003, 2003 T.S.P.R. 128; *In re Montañez Miranda*, res. el 18 de septiembre de 2002, 2002 T.S.P.R. 122; *In re Soto Colón*, ante; *In re Criado Vázquez*, res. el 29 de octubre de 2001, 2001 T.S.P.R. 154. Por tal razón, el abogado no sólo debe observarlas durante un pleito, sino en toda faceta en la cual se desenvuelva. *In re Soto Colón*, ante; *In re Collazo Sánchez*, ante; *In re Criado Vázquez*, ante; *In re Belck Arce*, 148 D.P.R. 686, 691 (1999).

A esos efectos, hemos expresado que "[e]l compromiso de un abogado con la verdad debe ser siempre incondicional". *In re Montañez Miranda*, ante; *In re Guzmán Esquilín*, 146 D.P.R. 853 (1998). Ello debido a que "[m]ás

que un ideal irrealizable, la verdad es atributo inseparable del ser abogado y, sin ésta, no podría la profesión jurídica justificar su existencia." *In re Montañez Miranda*, ante; *In re* Sepúlveda Girón, res. el 24 de octubre de 2001, 2001 T.S.P.R. 153; *In re* Martínez, Lawrence Odell II, 148 D.P.R. 636, 641 (1999).

Conforme a lo anterior, hemos señalado que "[e]l abogado no puede proveer al tribunal información falsa o que no se ajuste a la verdad, ni puede tampoco ocultarle información certera que deba ser revelada". *In re* Astacio Caraballo, 149 D.P.R. 790, 799 (2000); *In re* Filardi Guzmán, 144 D.P.R. 710 (1998). De igual forma tampoco "puede un abogado acudir al sistema de administración de justicia si, al así hacerlo, y con el fin de adelantar sus propios intereses, falta a la verdad". *Ibid.*

En virtud de lo anterior, este Tribunal ha expresado, reiteradamente, que se infringe el deber impuesto por el Canon 35, ante, "con el simple hecho objetivo de faltar a la verdad, lo cual supone una conducta lesiva a las instituciones de justicia, independientemente de los motivos para la falsedad".[6] *In re* Astacio Caraballo, ante; véase *In re* Belk Arce, ante. Es decir, para incurrir en

---

[6] Hemos señalado, además, que "se infringe este deber deontológico con el hecho objetivo de faltar a la verdad en funciones propias de un abogado o cuando, actuando como ciudadano común, se pretende realizar actos o negocios de trascendencia jurídica". *In re* Ortiz Martínez, ante; *In re* Montañez Miranda, ante; *In re* Sepúlveda Girón, ante; *In re* Martínez, Lawrence Odell II, 148 D.P.R. 636, 641 (1999).

esta falta, no es necesario que se haya faltado a la verdad deliberadamente o de mala fe, con la intención de defraudar o engañar o que se haya producido un perjuicio a terceros. *In re* Astacio Caraballo, ante; véase, además, *In re* Ortiz Martínez, ante; *In re* Montañez Miranda, ante; *In re* Sepúlveda Girón, ante; *In re* Martínez, Odell, 148 D.P.R. 49 (1999); *In re* Chaar Cacho, 123 D.P.R. 655 (1989); *In re* Rivera Arvelo y Ortiz Velázquez, ante.

De otra parte, el Canon 38 del Código de Ética Profesional, ante, "extiende la obligación de los abogados de conducirse en forma digna y honrada, a su vida privada".[7] *In re* Quiñónez Ayala, res. el 30 de junio de 2005, 2005 T.S.P.R. 99; *In re* Soto Colón, ante; *In re* Silvaglioni Collazo, ante.

---

[7] El Canon 38, establece, en lo aquí pertinente que:

> El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. En su conducta como funcionario del tribunal, deberá interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia. Tal participación conlleva necesariamente asumir posiciones que puedan resultarle personalmente desagradables pero que redundan en beneficio de la profesión…

> Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable…

Todo ello debido a que, "[l]a apariencia de conducta impropia puede resultar muy perniciosa al respecto de la ciudadanía por sus instituciones de justicia y por la confianza que los clientes depositan en sus abogados". *In re Ortiz Martínez*, ante; *In re Sepúlveda Girón*, ante.

A tales efectos, hemos señalado que como "[c]ada abogado es un espejo en que se refleja la imagen de la profesión, éstos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen". *In re Quiñónez Ayala*, ante; *In re Silvaglioni Collazo*, ante; *In re Ortiz Brunet*, res. el 22 de noviembre de 2000, 2000 T.S.P.R. 170; *In re Coll Pujols*, 102 D.P.R. 313, 319 (1974).

Por tal razón, "el abogado ha de desempeñarse con dignidad y alto sentido del honor, aunque ello implique ciertos sacrificios personales". *In re Quiñónez Ayala*, ante; *In re Silvaglioni Collazo*, ante; *In re Colón Ramery*, 133 D.P.R. 555, 562 (1993).


IV

En ocasiones anteriores, hemos expresado que este Tribunal no habrá de alterar las determinaciones de hechos de la Comisión, salvo en aquellos casos donde se demuestre parcialidad, prejuicio o error manifiesto. *In re Hon. Scherrer*, ante; *In re Suárez Marchán*, ante; *In re Moreira Avilés*, 147 D.P.R. 78, 86 (1998). En este caso, tras un examen sereno y minucioso del informe rendido por la

referida Comisión, y la prueba que obra en el expediente, no encontramos razón por la cual debamos intervenir con las determinaciones fácticas de dicho cuerpo.

Un examen de los hechos del presente caso denotan deformación moral de parte de la querellada Busó Aboy. La serie de irregularidades en las que incurrió Busó Aboy, analizadas en conjunto, aunque no constituyen una violación al Canon 9, 4 L.P.R.A. Ap. IX, C.9 --por estar este precepto dirigido a regir la conducta del abogado litigante en corte-- constituyen sin lugar a dudas violaciones tanto al Canon 35 como al Canon 38 de Ética Profesional, al no haber ésta ejercido su profesión con sinceridad y honradez, y no conducirse de manera digna y honorable, y al haber faltado a la verdad.

Tal y como señaláramos anteriormente, en el presente caso, Busó Aboy no sólo presentó su recurso de revisión en el tribunal de Cidra, aún cuando tenía conocimiento que dicho foro no tenía competencia para atenderlo, sino que presentó su recurso en un Tribunal en el cual ella ejercía labores como Juez Municipal. Si a esto le añadimos que la querellada instruyó a un empleado a que cumplimentara su recurso y lo firmara para que no apareciera su letra en el documento; que instó a la secretaria del tribunal a radicar y entrar en el libro de radicaciones el recurso de revisión --aún cuando ésta tuvo dudas con respecto a la corrección de tal acción--, que cumplimentó y firmó su

propia resolución eximiéndose de responsabilidad, postdatándola con fecha del 3 de julio de 2001, y que le indicó a la secretaria que no había problema con que entrara el caso con el número de clave de acceso de la juez en propiedad, llegamos a la inevitable conclusión de que Busó Aboy no desempeñó su profesión con la mayor y más excelsa competencia, compromiso e integridad.

Ciertamente, el comportamiento observado por Busó Aboy no estuvo a la altura de la honrosa profesión que ostenta y mucho menos actuó como ministro y buen funcionario del Tribunal. No hay duda que sus actuaciones violaron de manera inaceptable el deber de todo abogado, como funcionario del tribunal, de colaborar en la compartida e indivisible encomienda de lograr la verdad y administrar cumplida la justicia.

En el presente caso, la querellada no sólo faltó a la verdad sino que lo hizo con el expreso propósito de engañar al tribunal. Como hemos señalado anteriormente, "[u]na información falsa presentada por abogados al tribunal constituye conducta profesional reprobable . . . La mentira degrada el carácter y envilece el espíritu y es antítesis de la conducta recta y honorable que el Código de Ética Profesional exige de todo abogado. Jugar al esconder con la justicia, que es jugar al esconder con la verdad, es práctica deleznable" *In re* Filardi Guzmán, 144 D.P.R. 710, 718 (1998) citando a *In re* Ramos y Ferrer, 115 D.P.R. 409, 412 (1984).

Peor aún la querellada llevó a cabo tal conducta sólo para obtener un beneficio personal. Esto obviando que reiteradamente hemos expresado que el abogado "deberá esforzarse al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque al así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta impropia". *In re* Vélez Lugo, ante; *In re* Scherrer, ante.

Tal conducta, lejos de representar respeto y exaltación judicial, constituyó una violación a los Cánones de Ética Profesional, y merece nuestro más fuerte repudio. Sin duda Busó Aboy se olvidó que tenía la obligación de mantener y promover inmaculada la imagen de la justicia.

Las actuaciones de Busó Aboy no sólo laceran el honor y dignidad de la profesión sino que violentan claramente los preceptos básicos que rigen a todos los miembros de la clase togada, los cuales imponen la obligación de actuar con el más alto sentido de compromiso y respeto hacia la profesión.

Resulta evidente que las condiciones morales de Busó Aboy no son las adecuadas para poder llevar a cabo tan ilustre profesión. Más aún resulta inevitable llegar a la conclusión de que la querellada no tiene la enteraza y cualidades morales, necesarias e indispensables, para poder continuar practicando la honrosa profesión de abogado en nuestra jurisdicción.

Los hechos particulares de este caso constituirían, como mínimo, causa suficiente para destituir a un juez de su puesto. Habiendo Busó Aboy renunciado a su cargo, procede que actuemos contra ésta en su calidad de abogada. Por los fundamentos antes expresados, y por la naturaleza y gravedad de la conducta incurrida por María J. Busó Aboy, se decreta la suspensión inmediata, e indefinida, de ésta del ejercicio de la abogacía en nuestra jurisdicción.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

María J. Busó Aboy

AD-2003-1

SENTENCIA

San Juan, Puerto Rico, a 26 de octubre de 2005

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión inmediata, e indefinida, de María J. Busó Aboy del ejercicio de la abogacía en nuestra jurisdicción. Le imponemos a ésta el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30), contado el mismo a partir de la notificación de la presente Opinión Per Curiam y Sentencia, el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial de María J. Busó Aboy, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton inhibido. El Juez Asociado señor Fuster Berlingeri no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo